Martin MINSKY, individually, and in
his capacity as Grand Juror,
Plaintiff–Appellant,

v.

David N. KELLEY, in his official capac-
ity as United States Attorney for the
Southern District of New York; The
Office of United States Attorney for
the Southern District of New York;
Frank Maas, in his official capacity as
United States Magistrate Judge in the
United States District Court for the
Southern District of New York, De-
fendants–Appellees.

No. 06–1113–cv.

United States Court of Appeals,
Second Circuit.

July 24, 2007.

Martin Minsky, New York, NY, pro se,
for Plaintiff–Appellant.

Celeste Koeleveld, Assistant United
States Attorney for the Southern District
of New York (Michael J. Garcia, United
States Attorney for the Southern District
of New York, on the brief, Robin L. Baker,

John P. Cronan, Lauren Ouziel, Iris B. Lan, Assistant United States Attorneys, of counsel) New York, NY, for Defendants–Appellees.

PRESENT: Hon. CHESTER J. STRAUB, Hon. B.D. PARKER, Hon. RICHARD C. WESLEY, Circuit Judges.

### SUMMARY ORDER

Plaintiff–Appellant Martin Minsky appeals from the February 3, 2006 final Memorandum Opinion and Order of the United States District Court for the Southern District of New York (Richard J. Holwell, *Judge)* dismissing Minsky's complaint as moot. We assume the parties' familiarity with the underlying facts of the case, its procedural history, and the arguments on appeal.

The District Court, after opining that Minsky did not have standing to bring the suit, ultimately dismissed the complaint on the ground that it was moot. We conclude that Minsky has failed to establish standing to bring his claim. *See Algarin v. Town of Wallkill,* 421 F.3d 137, 139 (2d Cir.2005) ("We may affirm on any ground supported by the record.").

On appeal from a judgment entered pursuant to Federal Rule of Civil Procedure 12(b)(1), we review conclusions of law *de novo. See Makarova v. United States,* 201 F.3d 110, 113 (2d Cir.2000). Because "standing is challenged on the basis of the pleadings, we 'accept as true all material allegations of the complaint, and must construe the complaint in favor of the complaining party.' " *United States v. Vazquez,* 145 F.3d 74, 81 (2d Cir.1998) (internal quotation and citation marks omitted). "[T]he irreducible constitutional minimum of standing contains three elements": (1) there must be an "injury in fact—an invasion of a legally protected interest which is (a) concrete and particu-larized, and (b) actual or imminent, not conjectural or hypothetical"; (2) there must be "a causal connection between the injury and the conduct complained of"; and (3) "it must be likely, as opposed to merely speculative, that the injury will be redressed by a favorable decision." *Lujan v. Defenders of Wildlife,* 504 U.S. 555, 560–61, 112 S.Ct. 2130, 119 L.Ed.2d 351 (1992) (citations and internal quotation marks omitted).

Assuming without deciding that Minsky has alleged "an invasion of a legally protected interest," *id.,* we conclude that he does not have standing to bring his claims because he has not shown that there is a "real and immediate threat" that he will sustain that injury again. *City of Los Angeles v. Lyons,* 461 U.S. 95, 110, 103 S.Ct. 1660, 75 L.Ed.2d 675 (1983). The United States Supreme Court has held that for declaratory or injunctive relief, "past wrongs do not in themselves amount to that real and immediate threat of injury necessary to make out a case or controversy." *Id.* at 103, 103 S.Ct. 1660. In *Golden v. Zwickler,* 394 U.S. 103, 89 S.Ct. 956, 22 L.Ed.2d 113 (1969), plaintiff Zwickler, a congressman, sought a declaratory judgment that a New York statute prohibiting anonymous handbills directly pertaining to election campaigns was unconstitutional. Although Zwickler had once been convicted under the statute, he was no longer a Congressman apt to run for reelection. *Id.* at 104–105, 109, 89 S.Ct. 956. A unanimous Court held that because it was "most unlikely" that Zwickler would again be subject to the statute, no case or controversy of " 'sufficient immediacy and reality' " was present to allow a declaratory judgment. *Id.* at 109, 89 S.Ct. 956. Just as Zwickler's assertion that he could be a candidate for Congress again was "hardly a substitute for evidence that this is a prospect of 'immediacy and reality,' " *id.,*

Minsky's assertion that he may again be called for grand jury duty in the face of defendant's evidence that he most likely will not does not create the actual controversy that must exist for a declaratory judgment to be entered. *Lyons,* 461 U.S. at 104, 103 S.Ct. 1660; *see also Curtis v. City of New Haven,* 726 F.2d 65, 68 (2d Cir.1984). Furthermore, it is not enough for Minsky to assert that other grand jurors will be subjected to the same procedures of which he complains. *Lyons,* 461 U.S. at 108–11, 103 S.Ct. 1660.

For the foregoing reasons, we AFFIRM the judgment of the District Court.