11-4973-cv
*Teichmann v. State of New York*

**UNITED STATES COURT OF APPEALS**
**FOR THE SECOND CIRCUIT**

August Term, 2011

(Argued: April 26, 2013        Decided: October 20, 2014)

Docket No. 11-4973-cv

————————————————

BORIS TEICHMANN,

*Plaintiff-Appellant*,

– v. –

STATE OF NEW YORK,

*Defendant-Appellee,*

————————————————

Before: CALABRESI, LIVINGSTON, and LYNCH, *Circuit Judges*.

Plaintiff-Appellant Boris Teichmann appeals the District Court's dismissal of his pro se complaint, in which he alleged that the state of New York convicted him in violation of his constitutional rights.   Teichmann claimed that New York, the trial court, and the prosecution violated his Sixth Amendment right to a fair trial and his Fourteenth Amendment right to due process.  He asked that his criminal conviction be overturned.  The federal District Court, construing Teichmann's pleading as a petition for habeas corpus, dismissed it for failure to state a claim to relief. We agree with the District Court's dismissal, although we rule on an alternative ground.  We, therefore, AFFIRM the judgment of the District Court.

1

TIMOTHY W. HOOVER (Joanna J. Chen and Spenser L. Durland, *on the brief*), Phillips Lytle LLP, Buffalo, N.Y., *for Plaintiff-Appellant*.

BARBARA D. UNDERWOOD, Solicitor General for the State of New York (Roseann B. MacKechnie, David O. Leiwant, Assistant Attorneys General, *on the brief*), for Eric T. Schneiderman, Attorney General of the State of New York, New York, N.Y., *for Defendant-Appellee*.

---

PER CURIAM:

On June 26, 2006, a jury convicted Plaintiff-Appellant Boris Teichmann of attempting to commit a criminal sexual act against his former wife, Kristina Bohmova, and of twenty-two counts of criminal contempt for violating a protective order that Bohmova had obtained against him. Teichmann was sentenced to four years' imprisonment followed by a period of post-release supervision. After his term of supervision expired, Teichmann filed a pro se complaint in the United States District Court for the Southern District of New York alleging that he had been convicted in violation of his constitutional rights to a fair trial and due process, and asking for his conviction to be vacated. The District Court construed Teichmann's amended complaint as a habeas petition

2

under 28 U.S.C. § 2254 and dismissed it for failing to allege that Teichmann was still in custody, or that he had exhausted his state remedies.

Teichmann appealed. Construing his appeal as potentially asserting a claim pursuant to 42 U.S.C. § 1983, we ordered the parties to file supplemental briefs addressing the following issue: Whether this court should recognize an exception to *Heck v. Humphrey*, 512 U.S. 477 (1994), for a § 1983 plaintiff who is no longer in custody at the time he files his complaint. Without reaching this question, we affirm the District Court's dismissal of Teichmann's complaint for failure to state a claim to relief. *See* Fed. R. Civ. P. 12(b)(6). Since we find that amendment would be futile, we also affirm denial of leave to amend.

## I.      BACKGROUND

Boris Teichmann met his second wife, Kristina Bohmova, in the fall of 2003. Teichmann and Bohmova, both natives of the Czech Republic, were introduced by Teichmann's chess buddy and Bohmova's brother—Czech émigré Mark Delon. Teichmann had been living in the United States for 30 years when Bohmova arrived on a tourist visa to visit Delon.

In February 2004, Teichmann and Bohmova married, and Teichmann immediately applied for legal permanent residency on Bohmova's behalf. The

3

couple frequently fought, and their marriage soon soured. Teichmann accused Bohmova of marrying him in order to gain citizenship and of scheming with her brother to oust Teichmann from his rent-stabilized Manhattan apartment on the Upper East Side.

On June 9, 2004, the couple had a particularly rancorous fight, in which Teichmann broke Bohmova's cell phone and tried physically to force her to perform oral sex. In the following days, Bohmova filed a written complaint with the New York City Police Department and obtained a temporary order of protection against Teichmann. Although Bohmova moved in with Delon, Teichmann continued to accuse the siblings of conspiring to force him out of his apartment, a complaint he shared with an NYPD officer whom he met on the street and with a 911 operator.

On June 12, Teichmann walked in to his local precinct to file a complaint against Bohmova and Delon. Officers arrested Teichmann on charges of "criminal mischief" based on their understanding of Bohmova's complaint (which she wrote in Czech) that Teichmann had pushed her, yelled at her, and broken her cell phone during their last fight. Once detectives investigated further, the district attorney charged Teichmann with first-degree forcible rape;

4

attempted commission of a criminal sex act (for trying to force Bohmova to perform oral sex); and criminal contempt (for violating the order of protection).

Teichmann was convicted by a Manhattan Supreme Court jury of attempted commission of a criminal sex act, in violation of New York Penal Law § 130.50(1), and of twenty-two counts of criminal contempt, in violation of § 215.50(3). The jury acquitted Teichmann of the forcible rape charge.

Teichmann was sentenced to four years' incarceration followed by a period of post-release supervision that expired March 19, 2011. While Teichmann served his sentence, Bohmova divorced him and returned to the Czech Republic. About two months after the expiration of his post-release supervision, Teichmann filed a pro se complaint in Manhattan federal district court, alleging violations of his constitutional rights to a fair trial and to due process by the state court judge and assistant district attorney. The only relief that Teichmann requested was to have his criminal conviction declared invalid and overturned.

The District Court (Preska, *J.*) construed Teichmann's application as a petition for habeas corpus under 28 U.S.C. § 2254, holding that the habeas statute was "the proper jurisdictional basis" for Teichmann's requested relief. J. A. 41.

The District Court then ordered Teichmann to amend his pleading to meet certain requirements under § 2254, or to withdraw the petition altogether. In a footnote, the District Court explained that it "decline[d] to construe [Teichmann's] pleading as a civil rights complaint" under 42 U.S.C. § 1983 because *Heck v. Humphrey* would require its dismissal. *Id*.

On August 25, 2011, Teichmann filed an amended civil complaint, alleging the same constitutional violations as in his first, and requesting that the District Court vacate his conviction and order a new trial. Responding directly to the District Court's order, Teichmann wrote:

> [T]he petitioner is informing this Court that he *does not want to* pursue relief under § 2254 *and never did*, and the petitioner is bringing his action to this Court as a complaint [based on] Federal [question] jurisdiction.

J.A. 60 (emphasis original). Teichmann acknowledged that he was "*not* in . . . custody" and that his post-release supervision had expired; therefore, he wrote, "habeas corpus does not apply." *Id.* at 59 (emphasis original). Teichmann invoked 28 U.S.C. § 1331 as the basis for federal jurisdiction, since his claims "arose under" the Sixth and Fourteenth Amendments to the Constitution.

6

Teichmann's amended complaint attacked the state trial judge and prosecutor for depriving him of a fair trial by denying Teichmann several requested continuances; prohibiting Teichmann from submitting certain photographs into evidence; discouraging Teichmann from representing himself at trial;[1] and for refusing to call the detective who arrested Teichmann, whom Teichmann wished to cross-examine.

The District Court dismissed Teichmann's amended complaint. Acknowledging that Teichmann "seeks to overturn his conviction" but that he "does not want to file" a § 2254 petition, the Court nonetheless construed the amended pleading as a habeas petition. J.A.268 (internal quotation marks omitted). "As the Court explained in its prior order," Judge Preska wrote, "the proper jurisdictional basis for the relief Petitioner seeks is 28 U.S.C. § 2254." *Id.* Since Teichmann neither alleged exhaustion of his state remedies, nor that he was still "in custody"—both requirements under § 2254—the District Court denied his petition. As an alternative basis for dismissal, the District Court found that *Heck v. Humphrey* barred Teichmann from bringing his claims pursuant to § 1983 because his constitutional claims, if true, would call into

[1] After twice assessing Teichmann's competency to proceed, the state court allowed Teichmann to represent himself at trial.

7

question his outstanding criminal conviction. *Id.* 269-70 (citing *Heck*, 512 U.S. at 486-87). The court denied Teichmann a certificate of appealability.

Still proceeding pro se, Teichmann moved the District Court for reconsideration. He emphasized that he did not seek habeas relief: "Petitioner is well aware of the prerequisites to habeas relief [under] § 2254," he wrote, "and since § 2254 is not applicable to him, he has filed his complaint under 28 U.S.C. § 1331." J.A. 279. In response to the District Court's alternative basis for dismissal—under *Heck v. Humphrey*—Teichmann explained that he did not intend to bring his claims pursuant to § 1983 any more than he intended to bring them pursuant to § 2254: "Petitioner is aware of all requirement[s] of section . . . 1983 and therefore filed his complaint under 28 U.S.C. § 1331." J.A. 292. The District Court denied Teichmann's motion for reconsideration.

With the help of pro bono counsel, Teichmann moved this court for a certificate of appealability. Teichmann argued that because of the New York Sexual Offender Registration Act ("SORA") –which required Teichmman periodically to verify and register his location—he remained "in custody" despite having completed his term of supervised release. *See* N.Y. Correct. Law §§ 168-f, 168-h . The State moved to dismiss because Teichmann had neither

8

been granted a certificate of appealability nor previously argued that SORA imposed "custody" under § 2254.

We denied both motions and directed the parties to file supplemental briefs answering the following question: "Whether this Court should recognize an exception to the preclusionary rule of *Heck v. Humphrey*, 512 U.S. 477 (1994), where the plaintiff is no longer in custody when his § 1983 complaint is filed." We decline to reach this question and rule today on a narrower ground.

Teichmann's amended complaint alleges constitutional violations by the state, the state trial court, and the state prosecutor, each of whom is absolutely immune from Teichmann's claims. *See Shmueli v. City of New York*, 424 F.3d 231, 236-37 (2d Cir. 2005) (calling absolute immunity for prosecutors acting within official duties "well established"); *Montero v. Travis*, 171 F.3d 757, 760 (2d Cir. 1999) (per curiam) (recognizing "absolute immunity" for "officials acting in a judicial capacity"); 13A Charles Alan Wright, Arthur R. Miller & Edward H. Cooper, *Federal Practice and Procedure* § 3524 (3d ed. 2013) (describing state sovereign immunity). Furthermore, to the extent that Teichmann's pro se complaint can be read as seeking a form of relief not barred by immunity, e.g., a simple declaration of innocence (as our order for supplemental briefing may

9

have contemplated)—that is a form of relief that is not cognizable under § 1983. Accordingly, we affirm Judge Preska's decision dismissing the amended complaint for failure to state a claim to relief. *See* Fed. R. Civ. P. 12(b)(6).

## II.  DISCUSSION

We review de novo the dismissal of a complaint for failure to state a claim under Federal Rule of Civil Procedure 12(b)(6). *Chambers v. Time Warner, Inc.*, 282 F.3d 147, 152 (2d Cir. 2002). We accept as true all of Teichmann's factual allegations, drawing reasonable inferences in his favor. *See id*. Although we liberally construe Teichmann's pro se amended complaint, *Triestman v. Fed. Bureau of Prisons*, 470 F.3d 471, 474 (2d Cir. 2006) (per curiam), we still require that he plead facts sufficient "to 'state a claim to relief that is plausible on its face,'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)).

Teichmann asserts his right to equitable relief directly under the Sixth Amendment's fair trial guarantee and the Fourteenth Amendment's Due Process Clause. We assume, without deciding, that Teichmann has a cognizable cause of action directly under the Sixth and Fourteenth Amendments.  Because of

10

Teichmann's pro se status, we also consider whether a § 1983 action would lie as to his assertion of innocence.

Under any of these bases, Teichmann fails to state a claim to relief because—as noted above—the only actors whom Teichmann asserts violated his constitutional rights are entitled, in the alleged circumstances, to absolute immunity.[2]   *See, e.g., Imbler v. Pachtman*, 424 U.S. 409, 427 (1976) (absolute immunity from § 1983 suits for prosecutors exercising prosecutorial functions); *Montero*, 171 F.3d at 760.  We see no reason why these fundamental principles, which preclude certain claims brought under § 1983, would not also apply to a cause of action brought directly under the Sixth and Fourteenth Amendments.

Moreover, § 1983—while broad in its equitable and legal remedies—does not recognize a declaration of innocence, standing alone, as a cognizable form of relief.  In this respect, we note first that nothing in the language of § 1983 suggests that such a naked declaration is available.  Significantly, moreover, we have held that where a plaintiff seeks simply a declaration that there was a past injury, but claims no damages or injunction against future behavior, there is no §

---

[2] In both his original and amended complaint, Teichmann lists as a "defendant" only "The People of the State of New York."  J.A. 13, 53.  Because Teichmann filed his complaints pro se, we consider his claims against the trial court and the prosecutor as if he had included them as captioned defendants too.

1983 claim because there is no true case or controversy. *See, e.g., Minsky v. Kelley*, 240 F. App'x 920, 922 (2d Cir. 2007) (affirming dismissal of plaintiff's § 1983 claim where there was no "actual controversy that must exist for a declaratory judgment to be entered"); *Cf. Pearson v. Ass'n of the Bar of the City of N.Y.*, 554 F.2d 534, 537 (2d Cir. 1977) (recognizing justiciability of § 1983 claim for declaratory relief by lawyer facing sanctions because "the threat of disciplinary action is real").

Finally, our holding that Teichmann's claim is not cognizable under § 1983 finds additional support in the principle that animates the *Rooker-Feldman* doctrine: namely, that federal district courts do not have authority to review the judgments of state courts. *See, e.g., Johnson v. De Grandy*, 512 U.S. 997, 1005-06 (1994) (noting that *Rooker-Feldman* bars "a party losing in state court . . . from seeking what in substance would be appellate review of the state judgment in a United States district court, based on the losing party's claim that the state judgment itself violates the loser's federal rights"). That principle does not preclude a § 1983 action, or a hypothetical direct constitutional tort action, against a state official who violates a plaintiff's constitutional rights, but a declaration of actual innocence does not provide any relief against such

12

individuals. To the extent that Teichmann only seeks a declaration that his state conviction is invalid, he seeks nothing more than review of a state court judgment.[3]

Since Teichmann's allegations fail to state a claim upon which we may properly grant him relief, we dismiss without considering the *Heck v. Humphrey* issues discussed by the District Court on which we requested additional briefing.[4]

---

[3] Nor would the amendments that in our solicitude we think Teichmann might make, give rise to a cause of action under § 1983. As for Teichmann's potential claims against Detective Ruocco, these allegations have only conclusory support. And that is equally so of any possible *Monell* allegations. While Teichmann states several times in his amended complaint that he was denied effective assistance of counsel at his trial (in which Teichmann ended up representing himself), this claim is not cognizable under § 1983. *See Polk County v. Dodson*, 454 U.S. 312, 318 (1981).

Were Teichmann's counsel permitted to rework the amended complaint entirely, he might be able to state a § 1983 claim against Ruocco on the basis of some alleged misdeeds. But while we are solicitous toward a pro se party, and read his complaint liberally, we need not allow counsel to overhaul the complaint—allowing a new claim, on a different legal theory, against a new defendant, and requesting new relief. That would take our solicitude a step too far.

[4] We also decline to reach the argument, raised for the first time on appeal, that SORA requirements constitute custody for habeas purposes. Teichmann insisted below that he was not in custody and that he was not seeking habeas relief. *See Wedra v. Thomas*, 671 F.2d 713, 718 (2d Cir. 1982) ("It is by now hornbook law that federal habeas corpus relief will not be granted a State prisoner on the basis of a claim that was not first presented in the State courts, and that this court will not consider errors that were not asserted in the District Court.") (citations omitted).

13

## III.    CONCLUSION

We AFFIRM the District Court's order dismissing Teichmann's complaint for failure to state a claim to relief under Federal Rule of Civil Procedure 12(b)(6).

DEBRA ANN LIVINGSTON, *Circuit Judge,* concurring in part and concurring in the judgment in part:

Assuming *arguendo* that Teichmann has a cause of action directly under the Sixth and Fourteenth Amendments to the U.S. Constitution, I concur in the majority's disposition of those claims on immunity grounds. I write separately because I believe that dismissal of any § 1983 claim that the complaint is perceived to assert is required by *Heck v. Humphrey*, 512 U.S. 477 (1994).

Although § 1983 authorizes constitutional tort claims against state officials, it is not an appropriate vehicle for collaterally attacking a state conviction. *Heck*, 512 U.S. at 485-86, 490 n.10. Thus, a claim that, if successful, would "necessarily imply the invalidity" of the plaintiff's prior state conviction is "not cognizable under § 1983" unless that conviction has already been invalidated. *Id.* at 487. In 2004, Teichmann was convicted in New York state court on one count of attempted commission of a criminal sex act and twenty-two counts of criminal contempt. In this lawsuit, as we and the district court have construed his complaint, Teichmann asserts a § 1983 claim explicitly asking us to review and overturn his conviction. Under *Heck*, this claim is "not cognizable."

1

To be sure, some Circuits, including our own, have recognized exceptions to *Heck*'s bar in certain circumstances based on two concurrences by Justice Souter that at one point won the support of five Justices. *See Spencer v. Kemna*, 523 U.S. 1, 18 (1998) (Souter, J., concurring); *Heck*, 512 U.S. at 491 (Souter, J., concurring in the judgment). Referring to this line of cases, Judge Calabresi describes the "law in this Circuit" as holding that "when a plaintiff does not have access to habeas—at least where the plaintiff has not intentionally caused habeas to be unavailable—favorable termination of the underlying sentence or conviction is not required." Concurring Op. at 5. While our *en banc* decision in *Poventud v. City of New York* may not have disturbed certain precedents in this area, *see* 750 F.3d 121, 125 n.1 (2d Cir. 2014) (en banc), the *Poventud* panel decision has been vacated, *see id.* at 127, and I respectfully disagree with my colleague's characterization of our still-binding case law.

We have never said that a plaintiff's access to § 1983 turns on whether he has intentionally caused habeas to be unavailable. We have recognized an exception to *Heck*'s favorable termination requirement when habeas was *never* reasonably available to the plaintiff through no lack of diligence on his part—that is, where an action under § 1983 was a diligent plaintiff's only opportunity to challenge his conviction in a federal forum. *See Leather v. Ten Eyck*, 180 F.3d 420, 424 (2d Cir. 1999)

2

(plaintiff "is not and never was in the custody of the State").[1]  Though there is much

to recommend the view that *Heck* permits *no* exceptions, those courts recognizing

a narrow exception in situations where habeas was never an option have sought to

afford access to a federal forum for the adjudication of constitutional claims while,

at the same time, preventing those duly convicted of crimes in state proceedings

(and whatever their intentions) from mounting attacks on their extant state

convictions in disregard of the habeas statute's requirements.  This is the balance

that we, and every other Circuit to recognize an analogous *Heck* exception, have

struck.  *See, e.g., Cohen v. Longshore*, 621 F.3d 1311, 1317 (10th Cir. 2010); *Wilson v.*

*Johnson*, 535 F.3d 262, 268 & n.8 (4th Cir. 2008); *Powers v. Hamilton Cnty. Public*

*Defender Comm'n*, 501 F.3d 592, 603 (6th Cir. 2007); *Guerrero v. Gates*, 442 F.3d 697, 705

(9th Cir. 2006).

Perhaps it can be said that a state prisoner who has failed to pursue habeas

diligently has "intentionally" rendered it unavailable.  If so, then Judge Calabresi

---

[1] The other cases cited by Judge Calabresi did not squarely present this issue.  *See*
*Huang v. Johnson*, 251 F.3d 65, 75 (2d Cir. 2001) (relying on "our holding in *Leather*" where
plaintiff challenged length of custody, not validity of conviction); *Green v. Montgomery*, 219
F.3d 52, 60 n.3 (2d Cir. 2000) (noting in a footnote that the plaintiff was not in custody for
his juvenile reckless endangerment conviction); *Jenkins v. Haubert*, 179 F.3d 19, 27-28 (2d
Cir. 1999) (holding that *Heck* did not bar challenge to administrative or disciplinary
sanctions that had no effect on duration of confinement).

and I agree on the narrow scope of the *Heck* exception that our precedents have recognized. But I do not believe it is an open question whether claims like Teichmann's are cognizable under § 1983. Teichmann's state-court remedies were exhausted in May 2010. He then waited more than a year, until he was no longer in custody within the meaning of 28 U.S.C. § 2254, and filed a federal lawsuit seeking a declaration that his prior conviction was unconstitutional. No court has recognized an exception to *Heck*'s bar under such circumstances, and there is no reason to dispose of Teichmann's § 1983 claim on the merits solely to avoid deciding whether we should be the first to do so.

GUIDO CALABRESI, *Circuit Judge, Concurring*:

I fully join in today's opinion but write separately because, although we decided this case easily without reference to the Supreme Court's decision in *Heck v. Humphrey*, 512 U.S. 477 (1994), both the District Court and the parties addressed it, and it is an issue that continues to cause some consternation in this Circuit.

In fact, there are many § 1983 actions, like the one here, that can be disposed of on a motion to dismiss without ever needing to reach any *Heck* questions or indeed without needing to discuss *Heck* at all. Because many *Heck* issues are contentious, I believe that a decision on these other grounds is generally preferable.

For example, where a suit is brought asking for relief that § 1983 does not give, the case can be dismissed on that ground without considering § 1983's intersection with the availability of habeas, a crucial and complex issue under *Heck*. The same is true where there is an obvious and overwhelming defense to the § 1983 action—the statute of limitations has run, for instance, or the defendants have absolute or qualified immunity. If an element of the underlying claim has not been met (as in a claim for malicious prosecution

1

where there has been no favorable termination), again, there is no need to reach difficult *Heck* issues.  So too, the case can be dismissed without reference to *Heck* when the cause of action is one in which plaintiffs must prove causation and cannot as a matter of law.

All this is simply to repeat that many cases that have the potential to raise *Heck* questions can be disposed of based on well-settled principles upon which there is broad agreement, and when that is so, it is generally desirable for us and for district courts to decide them on these non-*Heck* grounds. Inevitably, however, cases will arise that require us to settle the outstanding issues in this area; when they do, caution will be the best defense against regret.  Let me explain.

In *Heck*, the Supreme Court held that where the success of a § 1983 claim would "necessarily require the plaintiff to prove the unlawfulness of his conviction or confinement," the complaint must be dismissed unless the plaintiff can "prove that the conviction or sentence has been reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal authorized to make such determination, or called into question by a

federal court's issuance of a writ of habeas corpus." 512 U.S. at 486–87. In

other words, the Court continued,

> when a state prisoner seeks damages in a § 1983 suit, the district
> court must consider whether a judgment in favor of the plaintiff
> would necessarily imply the invalidity of his conviction or
> sentence; if it would, the complaint must be dismissed unless the
> plaintiff can demonstrate that the conviction or sentence has
> already been invalidated.

*Id*. at 487.

In the years since *Heck* was decided, we have emphasized the

importance of the word "necessarily," and have held that the proper standard

when applying *Heck* is "whether a prisoner's victory in a § 1983 suit would

*necessarily demonstrate* the invalidity of his conviction or sentence." *McKithen*

*v. Brown*, 481 F.3d 89, 102 (2d Cir. 2007) (emphasis original). Under *McKithen*,

therefore, the mere fact that success in a § 1983 suit would make it more likely

that a conviction or sentence is invalid would seem to be irrelevant to the *Heck*

inquiry. *Id.* Yet what "necessarily demonstrates" the invalidity of a sentence

or conviction is often anything but easy to decide, and hence the applicability

vel non of *Heck* can be, to put it mildly, troublesome.

Similarly, if we accept that a § 1983 suit does "necessarily" attack a

conviction or sentence, what happens if the plaintiff is no longer in custody

3

and therefore cannot challenge the lawfulness of his confinement through habeas? On this issue, there is a deep circuit split.[1] The law in this Circuit, however, holds—whether correctly or not—that *Heck* does not bar § 1983 claims when habeas is unavailable, at least so long as the unavailability was not intentionally caused by the plaintiff. *See Huang ex rel. Yu v. Johnson*, 251 F.3d 65, 75 (2d Cir. 2001); *Green v. Montgomery*, 219 F.3d 52, 60 n.3 (2d Cir. 2000); *Jenkins v. Hobart*, 179 F.3d 19, 27 (2d Cir. 1999); *Leather v. Eyck*, 180 F.3d 420, 424 (2d Cir. 1999). Indeed, it is only because of these seemingly binding Circuit cases that in *Poventud v. City of New York* the panel majority (as opposed to the en banc majority) reached the *Heck*-habeas issue that led to en banc consideration in the first place. 715 F.3d 57, 61-62 (2d Cir. 2013), *aff'd on other grounds on reh'g en banc*, 750 F.3d 121 (2d Cir. 2014).

---

[1] The Fourth, Sixth, Seventh, Ninth, Tenth, and Eleventh Circuits have all either explicitly recognized, or suggested they would recognize, some exception to *Heck* when habeas is unavailable, at least where the plaintiff has not intentionally caused the unavailability. *See Cohen v. Longshore*, 621 F.3d 1311, 1317 (10th Cir. 2010); *Wilson v. Johnson*, 535 F.3d 262, 267-68 (4th Cir. 2008); *Powers v. Hamilton Cnty. Pub. Defender Comm'n*, 501 F.3d 592, 603 (6th Cir. 2007); *Harden v. Pataki*, 320 F.3d 1289, 1298-99 (11th Cir. 2003); *Carr v. O'Leary*, 167 F.3d 1124, 1127 (7th Cir. 1999); *Nonnette v. Small*, 316 F.3d 872, 876 (9th Cir. 2002). The First, Third, Fifth, and Eighth Circuits do not. *See Entzi v. Redmann*, 485 F.3d 998, 1003 (8th Cir. 2007); *Gilles v. Davis*, 427 F.3d 197, 209 n.8, 211 (3d Cir. 2005); *Randell v. Johnson*, 227 F.3d 300, 301 (5th Cir. 2000); *Figueroa v. Rivera*, 147 F.3d 77, 80-81 n.3 (1st Cir. 1998).

4

The animating rationale of this result was stated to be that "some federal remedy—either habeas corpus or § 1983—must be available" to redress constitutional violations. *Jenkins*, 179 F.3d at 27. Yet there are clearly many members of our Court who disagree deeply with that rationale and our Circuit's apparent position. *See Poventud v. City of New York*, 750 F.3d 121, 150-165 (Jacobs, J., dissenting).

I believe that the law of our Circuit remains as it was despite our recent en banc decision in *Poventud*, in which—though the issue was squarely presented—the majority failed to reach the question of *Heck*'s applicability when habeas is unavailable, and ruled instead that because Poventud's § 1983 claim did not undercut his guilty plea, *Heck* was no obstacle. 750 F.3d at 134-35. That holding *explicitly* did nothing to disturb the cases cited above. *Id*. at 125 n.1.

Thus, until the Supreme Court rules that our position is wrong, or we resolve the issue en banc, I think that the law in this Circuit remains what it was: when a plaintiff does not have access to habeas—at least where the plaintiff has not intentionally caused habeas to be unavailable—favorable termination of the underlying sentence or conviction is not required. That

said, who can doubt that this position, which has split the circuits and has been forcefully attacked by a significant number of judges on our Court, is controversial and hence to be avoided where other, easier grounds for deciding cases are available?

Moreover, what *does* remain an open question, even in this Circuit, is perhaps even more difficult: whether *Heck* bars § 1983 suits when the plaintiff has intentionally defaulted his habeas claims. I know of no circuit cases that allow § 1983 claims to proceed in such circumstances, and some have suggested they cannot. *See Cohen v. Longshore*, 621 F.3d 1311, 1317 (10th Cir. 2010) ("[A] petitioner who has no available remedy in habeas, *through no lack of diligence on his part*, is not barred by *Heck* from pursuing a § 1983 claim.") (emphasis added); *Guerrero v. Gates*, 442 F.3d 697, 705 (9th Cir. 2006) ("[Plaintiff] cannot . . . use his failure timely to pursue habeas remedies as a shield against the implications of *Heck*."). And despite suggestions to the contrary, *Poventud*, 715 F.3d at 70 (Jacobs, J., dissenting), the *Poventud* panel majority did not address, let alone attempt to decide, the issue.[2]

---

[2] Indeed, it could not have resolved this question because, far from intentionally allowing his habeas claim to lapse, Poventud went to state court and succeeded in having his initial conviction vacated. *People v. Poventud*, 10 Misc.3d 337, 802 N.Y.S.2d 605, 608 (Sup. Ct. Bronx Cnty. 2005).

6

Nevertheless, there are serious arguments to be made on both sides of the question. To discuss those arguments, however, is beyond the scope of this concurrence. For today, it is enough to suggest that here, too, we would be wise to move cautiously when deciding future cases, ruling narrowly where possible, and confining ourselves to the facts before us.

And this brings us back to the beginning of this concurrence. When there are non-controversial, non-*Heck* grounds for ruling, we and district courts would be well advised to decide on those grounds rather than needlessly on *Heck* ones.