17-3436 (L)
*Kroemer v. Tantillo et al.*

# UNITED STATES COURT OF APPEALS
# FOR THE SECOND CIRCUIT

## SUMMARY ORDER

**RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING TO A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.**

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 17th day of December, two thousand eighteen.

Present:
> ROBERT D. SACK,
> DEBRA ANN LIVINGSTON,
> DENNY CHIN,
> *Circuit Judges*.

_____

KENT A. KROEMER,

> *Plaintiff-Appellant*,

> v.                                                          17-3436; 18-1006

R. MICHAEL TANTILLO, ROGER SMITH, AND MARK T. FISCHER

> *Defendants-Appellees*.

_____

| | |
|---|---|
| For Plaintiff-Appellant: | KENT A. KROEMER, *pro se*, East Rochester, New York. |
| For Defendant-Appellee R. Michael Tantillo: | MEGHAN E. MASLYN, Ontario County Attorney's Office, Canandaigua, New York. |
| For Defendants-Appellees Roger Smith, Mark T. Fischer: | PATRICK WOODS, Assistant Solicitor General for the State of New York (Andrea Oser, Deputy Solicitor |

1

General, *on the brief*), for Barbara D. Underwood, Attorney General of the State of New York, Albany, New York.

Appeal from the judgment of the United States District Court for the Western District of New York (Crawford, *J.*).

**UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED** that the judgment of the district court is **AFFIRMED**.

Plaintiff-Appellant Kent A. Kroemer appeals from the June 16, 2017 decision and order of the district court dismissing his complaint for failure to state a claim. Kroemer also appeals the district court's September 21, 2017, October 18, 2017, December 28, 2017, and March 14, 2018 decisions and orders denying his post-judgment motions brought under Federal Rules of Civil Procedure 59(e) and 60(b).

"We review the grant of a motion to dismiss under Rule 12(b)(6) *de novo*, construing the complaint liberally, accepting all factual allegations in the complaint as true, and drawing all reasonable inferences in the plaintiff's favor." *Elias v. Rolling Stone LLC*, 872 F.3d 97, 104 (2d Cir. 2017) (internal quotation marks omitted). To withstand a Rule 12(b)(6) motion to dismiss, the complaint must plead "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007); *see also Ashcroft v. Iqbal*, 556 U.S. 662, 678-79 (2009). "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Iqbal*, 556 U.S. at 678–79. We review the denial of Kroemer's post-judgment motions under Federal Rules 59(e) and 60(b), for abuse of discretion. *See Stevens v. Miller*, 676 F.3d 62, 67 (2d Cir. 2012); *Munafo v. Metro. Transp. Auth.*, 381 F.3d 99, 105 (2d Cir. 2004). A district court abuses its discretion "when (1) its decision rests on an error of law (such as application of the wrong legal principle) or a clearly erroneous factual finding, or (2) its decision—

though not necessarily the product of a legal error or a clearly erroneous factual finding—cannot be located within the range of permissible decisions." *Zervos v. Verizon N.Y., Inc.*, 252 F.3d 163, 169 (2d Cir. 2001) (footnote omitted).

This consolidated appeal presents the latest in a string of actions in state and federal court brought by Kroemer in the wake of his conviction on two counts of criminal sale of a controlled substance in the first degree and two counts of criminal possession of a controlled substance in the first degree, in violation of New York Penal Law §§ 220.21 and 220.43. We assume the parties' familiarity with the underlying facts, the procedural history of the case, and the issues on appeal.

I.      **Claims Against Defendants Smith and Fischer**

Kroemer challenges the dismissal of his claims that Defendants Roger Smith and Mark Fischer violated his fair trial rights under *Brady v. Maryland*, 373 U.S. 83 (1963), by withholding from prosecutors and the defendant material exculpatory evidence. "A *Brady* violation occurs when the government fails to disclose evidence materially favorable to the accused." *United States v. Triumph Capital Grp., Inc.*, 544 F.3d 149, 161 (2d Cir. 2008) (quoting *Youngblood v. West Virginia*, 547 U.S. 867, 869 (2006)). Evidence is material if "there is a reasonable probability that, had the evidence been disclosed to the defense, the result of the proceeding would have been different." *Fuentes v. T. Griffin*, 829 F.3d 233, 246 (2d Cir. 2016) (quoting *United States v. Bagley*, 473 U.S. 667, 682 (1985)). A "reasonable probability" of a different result "is a probability sufficient to undermine confidence in the outcome." *United States v. Madori*, 419 F.3d 159, 169 (2d Cir. 2005) (internal quotation marks omitted). "When reviewing alleged *Brady* violations, we examine the record *de novo* to determine whether the information in question is material as a matter of law." *United States v. Rowland*, 826 F.3d 100, 112 (2d Cir. 2016) (internal quotation marks omitted).

Here, we agree with the district court's conclusion that Kroemer failed to adequately establish the materiality of the supposedly suppressed evidence. Kroemer first asserts that he could have used the favorable evidence to impeach the Government's witness (David Miles) at trial and thereby undermine his testimony that Kroemer sold him cocaine on a certain date. Even assuming *arguendo* that the evidence he identifies in his complaint was suppressed, however, we conclude that Kroemer has not alleged and cannot allege a reasonable probability that this evidence would have produced a different result at Kroemer's trial. The issue of the date of the cocaine transaction was effectively litigated during Kroemer's trial, and the additional evidence he now relies on, such as Miles's wife's involvement in dealing drugs, would have provided only minor, tangential lines of attack on Miles's testimony.

For similar reasons, we reject Kroemer's claim that the allegedly suppressed evidence was material because it could plausibly have allowed him to prevail on an entrapment defense, a theory he did not pursue at his original trial. As the court below noted, the evidence against Kroemer at trial was "strong." App. at 156. Moreover, Kroemer admits in his complaint that he openly and knowingly dealt cocaine until October 1988. Given Kroemer's admitted predisposition to sell drugs, it was not reasonably likely that an entrapment theory, even if bolstered by the allegedly suppressed evidence at issue here, would have prevailed. *See* N.Y. Penal Law § 40.05 (providing that an entrapment defense requires a showing by a preponderance of the evidence that a public servant or person acting in cooperation with a public servant "create[d] a substantial risk that the offense would be committed by a person not otherwise disposed to commit it"). Accordingly, the district court properly dismissed the claims against Defendants Smith and Fischer.

## II. The Claim Against Assistant District Attorney Tantillo

Kroemer also argues that the district court erred in dismissing his fabrication of evidence claim under 42 U.S.C. § 1983 against Defendant Tantillo, the Assistant District Attorney who prosecuted his case. We disagree. The district court correctly concluded that Tantillo is entitled to absolute immunity. "Prosecutorial immunity from § 1983 liability is broadly defined, covering virtually all acts, regardless of motivation, associated with [the prosecutor's] function as an advocate." *Hill v. City of New York*, 45 F.3d 653, 661 (2d Cir. 1995) (internal quotation marks omitted). "These functions include deciding whether to bring charges and presenting a case to a grand jury or a court, along with the tasks generally considered adjunct to those functions, such as witness preparation, witness selection, and issuing subpoenas." *Simon v. City of New York*, 727 F.3d 167, 171 (2d Cir. 2013). While "the party claiming absolute immunity . . . bears the burden of establishing its applicability," once a court determines that absolute immunity applies, "the actor is shielded from liability for damages regardless of the wrongfulness of his motive or the degree of injury caused." *Bernard v. Cty. of Suffolk*, 356 F.3d 495, 503 (2d Cir. 2004) (internal quotation marks omitted). Here, Kroemer claims that Tantillo fraudulently amended his indictment and then fabricated evidence to support that amendment by coaching a witness. But Tantillo's conduct in seeking an amended indictment and preparing a witness for trial during a pending criminal proceeding falls squarely within the prosecutor's role as advocate and therefore remains protected by absolute immunity.

We also reject Kroemer's contention that the district court erred in dismissing his claim against Tantillo to the extent that Kroemer seeks declaratory or injunctive relief. Section 1983, "while broad in its equitable and legal remedies[,] does not recognize a declaration of innocence, standing alone, as a cognizable form of relief." *Teichmann v. New York*, 769 F.3d 821, 826 (2d

5

Cir. 2014) (per curiam). The district court correctly concluded that the injunctive relief sought by Kroemer is tantamount to a request for a declaration of innocence or a declaration that his state conviction is invalid. Therefore, we affirm the district court's dismissal of Kroemer's claim against Tantillo in its entirety.

### III. Kroemer's Post-Judgment Motions

We also affirm the district court's denial of Kroemer's multiple Rule 59(e) motions to alter or amend the judgment. A court may grant a motion to alter or amend a judgment under Rule 59(e) where (1) there is an intervening change in the controlling law; (2) new evidence previously not available comes to light; or (3) it becomes necessary to remedy a clear error of law or to prevent manifest injustice. *Virgin Atl. Airways, Ltd. v. Nat'l Mediation Bd.,* 956 F.2d 1245, 1255 (2d Cir. 1992). Because no such circumstances have occurred here, Kroemer's motions were properly denied.

For similar reasons, we affirm the district court's denial of Kroemer's Rule 60(b) motion seeking relief from judgment. "Rule 60(b) allows a party to seek relief from a final judgment . . . under a limited set of circumstances including fraud, mistake, and newly discovered evidence." *Gonzalez v. Crosby*, 545 U.S. 524, 528 (2005). Such a motion is "generally not favored and is properly granted only upon a showing of exceptional circumstances." *United States v. Int'l Bhd. of Teamsters*, 247 F.3d 370, 391 (2d Cir. 2001). A "motion to reconsider should not be granted where the moving party seeks solely to relitigate an issue already decided." *Shrader v. CSX Transp., Inc.,* 70 F.3d 255, 257 (2d Cir. 1995). Because all of Kroemer's motions for post-judgment relief merely sought to relitigate issues "already decided," he plainly failed to demonstrate the "exceptional circumstances" that could merit the exercise of the district court's discretion to grant relief from its prior decision. In fact, we conclude that Kroemer's repeatedly re-

6

litigated claims have nearly risen to the level of frivolity, and we caution against his continued use of federal forums to bring such claims.

*     *     *

We have considered Kroemer's remaining arguments and find them to be without merit. Accordingly, we **AFFIRM** the judgment of the district court.

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk