23-1189
*Moalawi v. James*

# UNITED STATES COURT OF APPEALS
## FOR THE SECOND CIRCUIT

# <u>SUMMARY ORDER</u>

RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT.  CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1.  WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER").  A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 13th day of June, two thousand twenty-four.

PRESENT:
> RICHARD C. WESLEY,
> MICHAEL H. PARK,
> BETH ROBINSON,
> *Circuit Judges.*

_____

Ali Moalawi,

*Plaintiff-Appellant*,

v.                                                                 23-1189

Letitia James, in her capacity as
Attorney General of the State of New York,

*Defendant-Appellee*.

_____

FOR PLAINTIFF-APPELLANT:               Ali Moalawi, *pro se*,
                                                              Huntington Station, NY

FOR DEFENDANT-APPELLEE:             Barbara D. Underwood, Mark S.
                                                              Grube, Anagha Sundararajan, *for*
                                                              Letitia James, Attorney General of
                                                              the State of New York, New York,
                                                              NY

Appeal from a judgment of the United States District Court for the Southern District of New York (Abrams, *J.*).

**UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED** that the judgment of the district court is **AFFIRMED**.

Ali Moalawi, proceeding pro se, sued Letitia James in her official capacity as Attorney General of New York under 42 U.S.C. § 1983. Moalawi's complaint alleged that his state burglary conviction rested on insufficient evidence, resulted from ineffective assistance of counsel, and thus violated his Sixth and Fourteenth Amendment rights. Moalawi sought only vacatur of his conviction and argued that relief under 42 U.S.C. § 1983 should be available to him because he had been released from parole and was thus ineligible for postconviction relief under 28 U.S.C. § 2254.[*] The district court dismissed Moalawi's complaint, reasoning that Attorney General James is entitled to absolute immunity, that a declaration of innocence is not relief cognizable under § 1983, and that the *Rooker-Feldman* doctrine otherwise barred Moalawi's claims. *See Moalawi v. James*, No. 22-CV-6770 (RA), 2023 WL 4817618, at *2 (S.D.N.Y. July 27, 2023). We assume the parties' familiarity with the underlying facts, the procedural history, and the issues on appeal.

We review the district court's dismissal of a complaint de novo, meaning without deference to the district court, *Maloney v. Soc. Sec. Admin.*, 517 F.3d 70, 74 (2d Cir. 2008), and take the complaint's well-pleaded facts as true, *Washington v. Barr*, 925 F.3d 109, 113 (2d Cir. 2019). We liberally construe pro se complaints. *Harris v. Mills*, 572 F.3d 66, 72 (2d Cir. 2009).

---

[*] In contrast to New York's law authorizing post-conviction relief—New York Criminal Procedure Law § 440.10— the federal habeas statute requires a petitioner to be "in custody" at the time the petition is filed. *See* 28 U.S.C. § 2254(a); *see also Maleng v. Cook*, 490 U.S. 488, 490–91 (1989) ("We have interpreted the statutory language as requiring that the habeas petitioner be 'in custody' under the conviction or sentence under attack at the time his petition is filed."); *People v. Pichardo*, 1 N.Y.3d 126, 128–30 (2003) (granting § 440.10 relief that was sought after the underlying sentence had expired).

Moalawi cannot bring a claim under § 1983, which "does not recognize a declaration of innocence, standing alone, as a cognizable form of relief." *Teichmann v. New York*, 769 F.3d 821, 826 (2d Cir. 2014). The district court was thus correct to dismiss Moalawi's claim, and amendment would be futile. Accordingly, we **AFFIRM** the judgment of the district court.

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk of Court