11-5386-cv
Simon v. City of New York, et al.

# UNITED STATES COURT OF APPEALS
## FOR THE SECOND CIRCUIT

_____

August Term, 2012

(Argued: February 6, 2013     Decided: August 16, 2013)

Docket No. 11-5386-cv

_____

ALEXINA SIMON,

*Plaintiff-Appellant*,

— v. —

CITY OF NEW YORK, ADA FRANCIS LONGOBARDI, DETECTIVE EVELYN ALEGRE,
DETECTIVE DOUGLAS LEE,

*Defendants-Appellees*.

_____

B e f o r e:

WALKER, KATZMANN, and LYNCH, *Circuit Judges*.

_____

Plaintiff-appellant Alexina Simon appeals from an order of the United States

District Court for the Eastern District of New York (Eric N. Vitaliano, *Judge*) denying her

motion for reconsideration of a previous order and judgment granting defendants-

appellees' motion for summary judgment on the basis of absolute immunity.  Simon

1

argues that the district court erred in finding that detaining an individual for two days pursuant to a material witness warrant is a prosecutorial function entitled to absolute immunity. We agree, and vacate the judgment of the district court and remand this case for further proceedings consistent with this opinion.

VACATED AND REMANDED.

---

UGOCHUKWU UZOH, Ugo Uzoh, P.C., Brooklyn, New York, *for Plaintiff-Appellant.*

SUZANNE K. COLT, Assistant Corporation Counsel (Pamela Seider Dolgow, *of counsel*), *for* Michael A. Cardozo, Corporation Counsel of the City of New York, New York, New York, *for Defendants-Appellees*.

KATHERINE DESORMEAU (Lee P. Gelernt, Esha Bhandari, *on the brief*), ACLU Foundation Immigrants' Rights Project, San Franciso California; Joel B. Rudin, Vice-Chair, Amicus Curiae Committee, National Association of Criminal Defense Lawyers, New York, New York; Richard D. Willstatter, President, New York State Association of Criminal Defense Lawyers, *for Amici Curiae in support of Plaintiff-Appellant*.

Matthew M. Collette, Attorney, Appellate Staff, Civil Division, *for* Stuart F. Delery, Assistant Attorney General, United States Department of Justice, Washington, D.C.; Varuni Nelson, Assistant United States Attorney, *for* Loretta E. Lynch, United States Attorney, Eastern District of New York, Brooklyn, New York, *for Amici Curiae in support of Defendants-Appellees*.

---

GERARD E. LYNCH, *Circuit Judge*:

This case requires us to consider whether detaining an individual pursuant to a material arrest warrant is a prosecutorial function entitled to absolute immunity. We hold

2

that it is not. As the record is insufficient to determine whether defendants are entitled to qualified immunity, we vacate the judgment of the United States District Court for the Eastern District of New York (Eric N. Vitaliano, *Judge*) and remand this case for further proceedings consistent with this opinion.

## BACKGROUND

Plaintiff-appellant Alexina Simon commenced this action under 42 U.S.C. § 1983 following her arrest and detention pursuant to a material witness warrant. This case was dismissed on grounds of absolute immunity before Simon was able to depose defendants-appellees or otherwise conduct discovery. For purposes of this appeal, therefore, we take as true the facts set forth in Simon's complaint and deposition testimony. See Rolon v. Henneman, 517 F.3d 140, 142 (2d Cir. 2008).

I.      Simon's Arrest and Detention

The chain of events leading to Alexina Simon's detention began with an investigation of whether a police officer named Shantell McKinnies falsely reported her car stolen. Police sought to interview McKinnies's friend "Alexandra Griffin," allegedly the last person to have seen the car. Over the course of the investigation, officials confused Alexandra Griffin, McKinnies's friend, with Alexina Simon, Alexandra's mother who lives at the same residence and is the plaintiff in this case. The confusion may have arisen because Alexandra Griffin allegedly informed an NYPD detective that she goes by the name "Alexandra Simon," not "Alexandra Griffin."

3

After "Alexandra Simon" did not respond to a subpoena left in that name at the women's shared residence, Assistant District Attorney Francis Longobardi of the Queens District Attorney's Office ("Queens DA") obtained a material witness warrant and order for "Alexina Simon" on August 8, 2008. The material witness order instructed Simon to appear before the court on August 11, 2008, at 10:00 a.m. for a hearing to establish whether she possessed information material to the inquiry regarding McKinnies. As the court determined that Simon would be unlikely to respond to an order demanding her presence at the hearing, it also issued an "Arrest Warrant for Material Witness" authorizing "any police officer in the State of New York" to "take the above-named Alexina Simon into custody within the State of New York and bring her before this Court in order that a proceeding may be conducted to determine whether she is to be adjudged a material witness." The arrest warrant specified that the hearing was to take place on August 11, 2008 at 10:00 a.m.

Detective Douglas Lee and Sergeant Evelyn Alegre[1] ("the officers") executed the material witness warrant on the morning of August 11, 2008, at Simon's workplace. The parties' accounts of the execution of the warrant differ dramatically. The officers maintain that Simon consented to accompany them for questioning, while Simon maintains that she accompanied the officers against her will. Simon testified at her deposition that the investigators appeared at her workplace, asked if she was "Alexina

---

[1] Although various documents in the record refer to this defendant as Sergeant Allegre, defendants' appellate brief clarifies that the correct spelling of her name is Alegre.

Simon," and told her that they had a warrant for her arrest and that she needed to come with them. When asked at her deposition if she had agreed to go with the investigators, she stated: "I asked them if I have to go. They said 'Yes.'" Simon said that she asked to see the warrant, and was shown "some paper with [her] name on it" that she didn't read closely. Simon testified that when she went with them she "assumed that [she] was under arrest and [she] was going to jail, to be locked up or whatever," and that she thought this because the male investigator "told [her] that [she] was under arrest and if [she didn't] want them to put handcuffs on [her], [she] would come with them."

Simon stated that she was first taken to "the precinct" for several hours, during which she waited in a room, then taken to another building that defendants identify as the Queens District Attorney's Office. There, she spoke briefly with "the district attorney or something like that," whom defendants identify as Longobardi. She testified that Longobardi asked her about a stolen car, and that she told him that she didn't know anything. At approximately 8:00 p.m. that evening, the officers told Simon that she could leave, but that she "ha[d] to be back the next day to answer some more questions." The next day, August 12, the officers picked her up at 9:00 a.m. at her house and brought her back to "the precinct," where they further questioned her. Simon did not meet with Longobardi that day, and was allowed to leave at approximately 5:00 p.m. At no point during the two days of detention was Simon brought before a grand jury or judge.[2]

---

[2] Defendants, in contrast, claim that "when informed in person of the material witness order and warrant, [Simon] agreed to accompany" them to the District Attorney's Office for

II.    District Court Proceedings

Simon began the present action on March 27, 2009, and filed an amended complaint on August 13, 2009, naming the City of New York, Lee, Alegre, and Longobardi as defendants. The amended complaint, asserting various claims under 42 U.S.C. § 1983 and state law, alleged that defendants violated Simon's rights by "arresting, threatening, harassing and detaining [her] without justification, probable cause or reasonable suspicion."[3] The amended complaint sought compensatory and punitive damages, as well as any other relief that the court deemed necessary in the interest of justice.

Defendants moved for summary judgment arguing, in part, that they were entitled to absolute immunity for the acts of obtaining and executing a material witness warrant, and that in the alternative, they had qualified immunity for their actions. In an order entered October 19, 2011, the district court granted defendants' motion and dismissed the complaint, holding that the individual defendants had absolute immunity or, in the alternative, qualified immunity, and that Simon had not stated a cognizable claim against the City under Monell v. Department of Social Services, 436 U.S. 658 (1978). Simon v.

_____

questioning. Defendants claim that at the end of the first day of questioning, Simon voluntarily agreed to return to the office for a second day. As with all the factual disputes, for the purposes of this motion we take Simon's testimony, which a jury would be entitled to credit, as true.

[3] Simon later withdrew all but her claims of "false arrest and [M]onell/municipal liability" in an April 16, 2011 letter to the court.

6

City of New York, 819 F. Supp. 2d 145 (E.D.N.Y. 2011). The district court concluded that Longobardi had absolute prosecutorial immunity as an "official[] performing discretionary acts of a judicial nature," which also extended to the officers because their actions "were executed under the direction of the prosecutor in the course of performing functions closely tied to the judicial process as opposed to police functions." Id. at 151 (internal quotation marks omitted).

Simon moved for reconsideration, arguing that defendants were not entitled to absolute immunity because they were engaged in investigatory activities. On December 16, 2011, the district court orally denied Simon's motion for reconsideration, reiterating its view that a prosecutor when "seeking a material witness order and executing a material witness order is acting as advocate and therefore is entitled to absolute immunity." On December 27, 2011, Simon timely appealed the district court's denial of her motion for reconsideration as to the individual defendants.[4]

## DISCUSSION

I. Standard of Review

We review a district court's denial of a motion for reconsideration for abuse of discretion. Johnson v. Univ. of Rochester Med. Ctr., 642 F.3d 121, 125 (2d Cir. 2011).

---

[4] Simon did not appeal the district court's denial of her motion for reconsideration as to the City of New York. While Simon stated that she was also appealing the district court's original October 19 order, her notice of appeal was untimely and we do not have jurisdiction to consider it as to that order. See Fed. R. App. P. 4(a)(1); Johnson v. Univ. of Rochester Med. Ctr., 642 F.3d 121, 124 (2d Cir. 2011).

7

"A court abuses it[s] discretion when (1) its decision rests on an error of law or a clearly erroneous factual finding; or (2) cannot be found with the range of permissible decisions." Id. The issue on appeal is one of law, which we review de novo. See Giraldo v. Kessler, 694 F.3d 161, 165 (2d Cir. 2012).

II.    Absolute Immunity

To determine whether an official enjoys absolute immunity we take a "functional approach," examining "the nature of the function performed, not the identity of the actor who performed it." Buckley v. Fitzsimmons, 509 U.S. 259, 269 (1993) (internal quotation marks omitted). A prosecutor acting in the role of an advocate in connection with a judicial proceeding is entitled to absolute immunity for all acts "intimately associated with the judicial phase of the criminal process." Imbler v. Pachtman, 424 U.S. 409, 430 (1976); see also Flagler v. Trainor, 663 F.3d 543, 547 (2d Cir. 2011) (noting that prosecutors receive absolute immunity "only when acting as advocates and when their conduct involves the exercise of discretion"). These functions include deciding whether to bring charges and presenting a case to a grand jury or a court, along with the tasks generally considered adjunct to those functions, such as witness preparation, witness selection, and issuing subpoenas. See Imbler, 424 U.S. at 431 n.33. Absolute immunity also extends to persons "who act under [a prosecutor's] direction in performing functions closely tied to the judicial process." Hill v. City of New York, 45 F.3d 653, 660 (2d Cir. 1995).

8

By contrast, prosecutors receive only qualified immunity when performing "administrative duties and those investigatory functions that do not relate to an advocate's preparation for the initiation of a prosecution or for judicial proceedings." Buckley, 509 U.S. at 273; see also Bernard v. Cnty. of Suffolk, 356 F.3d 495, 502 (2d Cir. 2004). Investigation, arrest, and detention have historically and by precedent been regarded as the work of police, not prosecutors, and "'they do not become prosecutorial functions merely because a prosecutor has chosen to participate.'" Day v. Morgenthau, 909 F.2d 75, 77-78 (2d Cir. 1990), quoting Robison v. Via, 821 F.2d 913, 918 (2d Cir. 1987). Absolute immunity is also not available "for the act of giving legal advice to the police in the investigative phase of a criminal case, or for assisting in a search and seizure or arrest." Hill, 45 F.3d at 661 (citation omitted); see also Kalina v. Fletcher, 522 U.S. 118, 130-31 (1997) (holding that prosecutor was not entitled to absolute immunity for acting as a complaining witness); Buckley, 509 U.S. at 277-78 (holding that prosecutor was not entitled to absolute immunity for holding a press conference); Barr v. Abrams, 810 F.2d 358, 362 (2d Cir. 1987) (recognizing "meaningful" distinction "between filing the criminal information and procuring an arrest warrant, on the one hand, and executing the arrest warrant, on the other").

"[T]he official seeking absolute immunity bears the burden of showing that such immunity is justified for the function in question," Burns v. Reed, 500 U.S. 478, 486 (1991), and "[t]he ultimate question [] is whether the prosecutors have carried their burden of establishing that they were functioning as advocates when they engaged in the

challenged conduct," Doe v. Phillips, 81 F.3d 1204, 1209 (2d Cir. 1996) (internal quotation marks omitted).

III.     Absolute Immunity for Simon's Detention

We have previously held that when a prosecutor seeks a material witness warrant, he does so as an advocate and is immune from suit. Flagler, 663 F.3d at 548-49. Any alleged misstatements by Longobardi in his application for the material witness warrant therefore cannot form the basis for liability.

However, defendants do not have absolute immunity for their detention of Simon against her will for two full days.[5] The *execution* of a material witness warrant is a police function, not a prosecutorial function, as New York's material witness statute, and the warrant issued in this case, explicitly state. While under New York law a prosecutor is responsible for seeking a material witness warrant, only police officers, not prosecutors, are authorized to execute the warrant by arresting people. See N.Y. Crim. Proc. Law § 620.30(2)(b) ("[T]he court may issue a warrant directed to a police officer, directing such officer to take such prospective witness into custody . . . ."). Accordingly, the warrant issued by the court in this case was directed to "any police officer in the State of New York." The arrest of Simon and her detention for questioning were thus police functions, not prosecutorial ones.

_____

[5] Defendants contend that Simon consented to accompany them for questioning on August 11 and to return on August 12. At this stage of the proceeding, however, we look only to the complaint and Simon's deposition, which consistently allege that Simon was brought to the District Attorney's office against her will.

10

Far from taking actions "intimately associated with the judicial phase of the criminal process," Imbler, 424 U.S. at 430, defendants were actively *avoiding* the court-ordered material witness hearing. New York procedure requires that an arrested material witness be brought "before the court forthwith," N.Y. Crim. Proc. Law § 620.30(2)(b), and the warrant here directed the executing officers to arrest Simon and bring her *before the court* at 10:00 a.m. on August 11 for a hearing on whether she could properly be considered a material witness. In arresting Simon and taking her into custody, the officers acted under the protection of the warrant; had they complied with the terms of the warrant by bringing her promptly before the court, no liability could attach to their actions, regardless of whether Simon assented to accompany them. Under New York law, when an individual apprehended pursuant to a material witness warrant is presented before the court, the court must inform him of the nature and purpose of the proceeding and afford him the opportunity to obtain counsel, seek bail, call other witnesses, and move to vacate the warrant order. Id. §§ 620.40-60. Because the defendants did not comply with the terms of the material witness order and warrant and never presented Simon before the court, she had no way of contesting her detention.

Once defendants decided that Simon should be detained for questioning by Longobardi and the officers, however, and compelled her attendance at the Queens DA for two days of intermittent questioning, rather than bringing her before the court to have her status settled, their actions fell outside the protection of the warrant. They were not acting in the role of advocate in connection with a judicial proceeding. A material

11

witness warrant secures a witness's presence at a trial or grand jury proceedings; it does not authorize a person's arrest for purposes of subjecting that person to extrajudicial interrogation by a prosecutor.

Longobardi's participation in the detention does not transform Simon's detention into a prosecutorial function.[6] See Day, 909 F.2d at 77-78; Barr, 810 F.2d at 361. The prosecutorial function may encompass questioning a witness for a brief period before presentation to determine whether, in the prosecutor's judgment, the witness's testimony should still be pursued or whether the witness should be released without further action. Based on Simon's testimony, however, a reasonable jury could find that the detention and interrogation went beyond what could reasonably be construed as clarifying Simon's status or "preparing" her for a grand jury appearance, and became an investigative interview.[7] Under New York law, as under federal law, a prosecutor has no power to subpoena a witness to appear outside of judicial proceedings to answer questions from the prosecution or the police. A material witness warrant serves the purpose of securing a

---

[6] Giraldo does not hold otherwise. There, we held that officials who detained and interviewed a victim of domestic violence were entitled to absolute immunity because "legal decisions at the core of prosecutorial function – pursuit of the charges, arraignment, bail, etc. – had to be made [by the officials] and made quickly." 694 F.3d at 167. But there is nothing in this case to indicate that Longobardi was making a decision that was similarly at the core of the prosecutorial function. See id. at 166 ("To be sure . . . even the presence of probable cause does not guarantee a prosecutor absolute immunity from liability for all actions taken afterwards.").

[7] Indeed, on Simon's account, the entire second day of her detention involved interrogation only by the officers, without any further questioning by the prosecutor.

witness's presence at a trial or grand jury proceeding. It does not authorize a person's arrest and prolonged detention for purposes of investigative interrogation by the police or a prosecutor.

That Simon might eventually have been called to testify in a judicial proceeding does not make her detention a prosecutorial function.[8] See Buckley, 509 U.S. at 275-76 (noting that a prosecutor cannot receive absolute immunity for investigative work merely because the work may later "be retrospectively described as 'preparation'" for a judicial proceeding). As the Supreme Court has pointed out, "[a]lmost any action by a prosecutor, including his or her direct participation in purely investigative activity, could be said to be in some way related to the ultimate decision whether to prosecute," but absolute immunity is not so expansive. Burns, 500 U.S. at 495.

Therefore, the officers are not entitled to absolute immunity for their execution of the material witness warrant, even if they were following Longobardi's instructions. Police officers and a prosecutor who engage in extended detention and interrogation – including requiring attendance for a second full day – of a material witness whom the court has ordered to be brought before the court to determine whether she should be

_____

[8] Defendants contend that Longobardi was preparing Simon to testify before a grand jury. Simon argues that no grand jury was empaneled, and that the grand jury subpoenas issued by Longobardi, stating that she was to appear before the grand jury on the mornings of August 11 and 12, 2008, were not give to her until after her detention ended on the evening of August 12. It is not for us to resolve this factual dispute, but it makes no difference to our disposition of this appeal. Detaining a witness for two days, even to prepare for the possibility of bringing her before a grand jury, is not a prosecutorial function.

detained or bailed as a material witness are, as a matter of law, engaged in an

*investigative* function that entitles them to, at most, qualified immunity.

We emphasize the limited nature of the question we address today. We do not

decide, and express no view regarding, the legality of defendants' actions under federal or

New York law. Nor do we decide whether some or all of the defendants are entitled to

qualified immunity.[9] In the absence of any discovery by Simon, the record is

insufficiently developed at this stage of the case to permit a ruling on that question. We

hold only that defendants are not entitled to absolute prosecutorial immunity with respect

to Simon's allegation that she was unlawfully detained for investigative interrogation.

## CONCLUSION

Accordingly, the judgment is VACATED and REMANDED for further

proceedings consistent with this opinion.

---

[9] The district court ruled that defendants had qualified immunity, but its analysis was limited to the execution of the arrest pursuant to the warrant, and did not address Simon's continued detention and interrogation.

14