13-1471-cv
Luo v. Baldwin Union Free School District

UNITED STATES COURT OF APPEALS
FOR THE SECOND CIRCUIT

# **SUMMARY ORDER**

**RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING TO A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.**

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 23rd day of December, two thousand thirteen.

PRESENT:
> ROSEMARY S. POOLER,
> BARRINGTON D. PARKER,
> DENNY CHIN,
> > *Circuit Judges.*

───────────────────────────────

JENN-CHING LUO,

> *Plaintiff-Appellant*,

> v.                                                                13-1471-cv

BALDWIN UNION FREE SCHOOL DISTRICT,
MICHELLE GALLO, SHERRISSE MARTIN,
SUSAN M. GIBSON, JOHN M. SUOZZI,

> *Defendants-Appellees*.

───────────────────────────────

Appearing for Appellant:          Jenn-Ching Luo, pro se, Birchrunville, PA.

Appearing for Appellees:          Ralph A. Catalano, Catalano Gallardo &
                                  Petropoulos, LLP, Jericho, NY, *for Susan M.
                                  Gibson*; Dennis. J. Dozis, Kaufman Borgeest &

Ryan LLP, New York, NY, *for John M. Suozzi*;
Jeltje deJong, Devitt Spellman Barrett, LLP,
Smithtown NY, *for Baldwin Union Free School
District, Michelle Gallo, and Sherrisse Martin*.

Appeal from a judgment of the United States District Court for the Eastern District of New York (Seybert, *J.*).

**UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED** that the judgment of the district court is **AFFIRMED**.

Plaintiff-Appellant, Jenn-Ching Luo, pro se, asserted claims under the Individuals with Disabilities Education Act, 20 U.S.C. § 1400 *et seq.* (the "IDEA"), and 42 U.S.C. § 1983, among other causes of action, against the Baldwin Union Free School District (the "School District") and several individual defendants. Luo now appeals from three separate orders of the district court. First, Luo appeals from the district court's March 15, 2011 memorandum and order dismissing Luo's freestanding IDEA claim against Susan M. Gibson and John M. Suozzi, and Luo's IDEA-based Section 1983 claim against Gibson, pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure. Second, Luo appeals the district court's March 5, 2012 memorandum and order granting summary judgment to the School District on Luo's IDEA claim and granting various defendants' motion for judgment on the pleadings with respect to Luo's IDEA-based Section 1983 claim. Finally, Luo appeals from the district court's March 21, 2013 memorandum and order denying his motion for reconsideration. We note that Luo has informed this Court that he appeals only from the dismissal of his IDEA claim and IDEA-based Section 1983 claim, and has therefore waived any arguments concerning his Fourteenth Amendment and state law claims. *See LoSacco v. City of Middleton*, 71 F.3d 88, 92-93 (2d Cir. 1995). We assume the parties' familiarity with the underlying facts, procedural history, and issues on appeal.

We review de novo a district court's dismissal of claims pursuant to Rule 12(b)(6), *see Chambers v. Time Warner, Inc.*, 282 F.3d 147, 152 (2d Cir. 2002), as well as grants of judgment on the pleadings pursuant to Rule 12(c), *see L-7 Designs, Inc. v. Old Navy, LLC*, 647 F.3d 419, 429 (2d Cir. 2011). To survive a motion to dismiss under Rule 12(b)(6), the complaint must plead "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). The same standard that is applicable to Rule 12(b)(6) motions applies to Rule 12(c) motions. *See L-7 Designs, Inc.*, 647 F.3d at 429. A district court's grant of summary judgment in IDEA cases is also reviewed de novo. *See T.P. ex rel. S.P. v. Mamaroneck Union Free Sch. Dist.*, 554 F.3d 247, 252 (2d Cir. 2009). "Summary judgment in this context involves more than looking into disputed issues of fact; rather, it is a 'pragmatic procedural mechanism' for reviewing administrative decisions." *Id.* (quoting *Lillbask ex rel. Mauclaire v. Conn. Dep't of Educ.*, 397 F.3d 77, 83 n.3 (2d Cir. 2005) (internal quotation marks omitted)).

In this case, we agree with the district court that the administrative record reflects that no IDEA violation occurred. As the district court concluded, any missteps by defendants in the procedures about which Luo complains did not deny Luo's son the right to a free and appropriate public education, deprive his son of educational benefits, or unlawfully preclude Luo from participating in the decisionmaking process concerning his son's education. Accordingly, the district court did not err by: (1) dismissing Luo's IDEA claim against Gibson and Suozzi; (2) dismissing Luo's IDEA-based Section 1983 claim against Gibson; (3) granting defendants' motion for summary judgment on Luo's IDEA claim; and (4) granting defendants' judgment on the pleadings with respect to Luo's IDEA-based Section 1983 claim. Because the lack of an IDEA violation in this case justifies upholding the district court's decisions, we need not reach the questions of whether the individual defendants could have been liable under the IDEA or whether Gibson acted under color of state law. "[W]e are entitled to affirm the district court on any ground for which there is support in the record, even if not adopted by the district court." *Adirondack Transit Lines, Inc. v. United Transp. Union, Local 1582*, 305 F.3d 82, 88 (2d Cir. 2002).

"We review a district court's denial of a motion for reconsideration for abuse of discretion." *Simon v. City of New York*, 727 F.3d 167, 171 (2d Cir. 2013). The district court did not abuse its discretion denying Luo's motion for reconsideration because the district court did not overlook important matters or controlling decisions that would alter the conclusion that it reached. *See Shrader v. CSX Transp., Inc.*, 70 F.3d 255, 257 (2d Cir. 1995).

We have considered Luo's remaining arguments and find them to be without merit. Accordingly, we **AFFIRM** the judgment of the district court.

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk

3