Edwards v. Erfe

# UNITED STATES COURT OF APPEALS
# FOR THE SECOND CIRCUIT

# SUMMARY ORDER

**RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING TO A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.**

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 8th day of January, two thousand fifteen.

**PRESENT:**
> GERARD E. LYNCH,
> DENNY CHIN,
> > *Circuit Judges,*
> EDWARD KORMAN,[*]
> > *District Judge.*

_____

**M.A. Edwards,**

> *Plaintiff-Appellant*,

> **v.**                                                                                            14-1597

**Erfe, Warden, Corrigan C.I.; Official, Individual, LaJoie, Complex Warden; Official, Individual, Sutherland, Correction Officer; Official and Individual, Lynn Milling, PoP Management; Official, Individual, Iozzia, Correction Officer; Official and Individual, Peck, Correction Officer; Official and Individual, Penn, Captain; Official and Individual,**

> *Defendants-Appellees*.

_____

**FOR PLAINTIFF-APPELLANT:**                     M.A. Edwards, pro se, Suffield, CT.

**FOR DEFENDANTS-APPELLEES:**                     No Appearance

_____

[*] The Honorable Edward Korman, of the United States District Court for the Eastern District of New York, sitting by designation.

Appeal from a judgment and order of the United States District Court for the District of Connecticut (Alfred V. Covello, *J.*).

**UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED** that the judgment and order of the district court are **AFFIRMED**.

Appellant M.A. Edwards, proceeding pro se, appeals from the district court's judgment dismissing his 42 U.S.C. § 1983 complaint sua sponte and from the order denying reconsideration of that judgment. We assume the parties' familiarity with the underlying facts and procedural history.

We review a district court's sua sponte dismissal of a complaint de novo. *Sykes v. Bank of Am.*, 723 F.3d 399, 403 (2d Cir. 2013). Pro se submissions are generally reviewed with "special solicitude," and we interpret those submissions to raise the strongest claims suggested. *Triestman v. Fed. Bureau of Prisons*, 470 F.3d 471, 474-75 (2d Cir. 2006) (per curiam). District courts should not dismiss a pro se complaint without granting leave to amend unless amendment would be futile. *See Cuoco v. Moritsugu*, 222 F.3d 99, 112 (2d Cir. 2000).

Edwards first argues that the district court erred in dismissing his due process claim based on his allegation that he was unlawfully deprived of his property. A prisoner may challenge the deprivation of property in a § 1983 action only if the State provides no adequate post-deprivation remedy. *Hudson v. Palmer*, 468 U.S. 517, 533 (1984). Connecticut provides inmates with a remedy for lost or destroyed property. Under Connecticut General Statutes § 4-141 *et seq.*, a person may bring a claim against the State to the Claims Commissioner unless, *inter alia*, the law establishes another administrative remedy for that claim. Conn. Gen. Stat. § 4-142. An inmate's property claim may not be brought directly to the Claims Commissioner because Connecticut Department of Corrections ("DOC") Administrative Directive 9.6(16)(B) establishes an administrative remedy for prisoners aggrieved by property loss or damage. However, if a prisoner exhausts his internal administrative remedy and the DOC's Lost Property Board ("LPB") denies his claim, he may then bring his claim to the Claims Commissioner, *see*

*id.* at 9.6(16)(F), who, as relevant here, may order relief or authorize suit, *see* Conn. Gen. Stat. § 4-158.

The district court properly ruled that Edwards's claim failed because he did not allege that the above process was inadequate. Arguably, the district court should not have dismissed the claim without providing Edwards an opportunity to amend. *See Cuoco*, 222 F.3d at 112. However, any error is harmless because Edwards's reconsideration motion sets out what he would have alleged had he been granted the opportunity to amend. *See Port Dock & Stone Corp. v. Oldcastle Ne., Inc.,* 507 F.3d 117, 127 (2d Cir. 2007). In that motion, Edwards argued that the postdeprivation remedy was inadequate because prison staff told him that the LPB required him to prove his ownership with a receipt of purchase. That allegation does not demonstrate that Edwards lacked an adequate state remedy because, irrespective of the LPB's methods of reaching its decision, he could seek relief from the Claims Commissioner, whose consideration of the issue would have been independent of the LPB's decision. Edwards suggests no reason, either in his reconsideration motion or on appeal, why the presentation of his claim to the Claims Commissioner would have been an inadequate remedy if the LPB were to have denied his claim.

Edwards also asserts that Connecticut's housing of sentenced with unsentenced inmates violates his constitutional rights as a sentenced inmate. However, the Fifth Circuit case relied on by Edwards postulates a due process right of pretrial detainees not to be housed indiscriminately with sentenced inmates, not the reverse. *See Jones v. Diamond*, 636 F.2d 1364, 1374 (5th Cir. 1981), *overruled on other grounds by Int'l Woodworkers of Am. v. Champion Int'l Corp.*, 790 F.2d 1174 (5th Cir. 1986). Whereas "[d]ue process requires that a pretrial detainee not be punished," a "sentenced inmate . . . may be punished, although that punishment may not be 'cruel and unusual' under the Eighth Amendment." *Bell v. Wolfish*, 441 U.S. 520, 535 n.16 (1979). Edwards' claim fails because he alleges no facts indicating that his housing with unsentenced inmates rather than sentenced inmates amounts to cruel and unusual punishment.

3

We need not consider whether Connecticut's housing practice violates the due process rights of pretrial detainees, because Edwards lacks standing to assert the rights of pretrial detainees. *See Ziemba v. Rell*, 409 F.3d 553, 555 (2d Cir. 2005). We note, however, that two recent District of Connecticut decisions have held that this practice does not violate a pretrial detainee's due process rights "absent allegations that the pretrial detainee suffered an injury from being housed with one or more convicted inmates, or that the placement with convicted inmates was intended to punish the pretrial detainee." *Silvera v. Conn. Dep't of Corr.*, 726 F. Supp. 2d 183, 197 (D. Conn. 2010); *Woodhouse v. Carroll*, No. 3:08CV1092 (MRK), 2010 WL 3023888, at *5 (D. Conn. Aug. 2, 2010).

Lastly, Edwards contends that his double-bunking with another inmate violates his Eighth Amendment rights. That claim fails because double-bunking is not per se unconstitutional and Edwards has not alleged that the practice has "lead to deprivations of essential food, medical care, or sanitation," or to other conditions that rise to the level of cruel and unusual punishment. *Rhodes v. Chapman*, 452 U.S. 337, 344 (1981).

We review the denial of a motion for reconsideration for abuse of discretion. *Simon v. City of N.Y.*, 727 F.3d 167, 171 (2d Cir. 2013). "[R]econsideration will generally be denied unless the moving party can point to controlling decisions or data that the court overlooked-matters, in other words, that might reasonably be expected to alter the conclusion reached by the court." *Shrader v. CSX Transp., Inc.*, 70 F.3d 255, 257 (2d Cir. 1995). Here, the district court properly declined to grant relief because the arguments and allegations raised in the reconsideration motion did not entitled Edwards to relief.

Finally, we note that appellees failed to file a brief in this appeal, despite requesting and receiving from this Court an extension of time in which to do so. In fact, since requesting an extension, appellees have made no filing with this Court whatsoever. While an appellee is of course under no obligation to submit a brief, the views of appellees will often be of assistance to the Court, especially in dealing with claims made by uncounseled appellants. Moreover, it is

4

discourteous to request an extension only to then cease all communication without notifying the Court that the party has decided not to file a brief.

We have considered all of Edwards's remaining arguments and find them to be without merit.  Accordingly, we **AFFIRM** the judgment and order of the district court.

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk