16-2901-cv
O'Neal v. Morales

## UNITED STATES COURT OF APPEALS
## FOR THE SECOND CIRCUIT

## SUMMARY ORDER

**RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.**

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 10th day of February, two thousand seventeen.

PRESENT: BARRINGTON D. PARKER,
REENA RAGGI,
CHRISTOPHER F. DRONEY,
*Circuit Judges*.

------------------------------------------------------------------------

JOHNNIE O'NEAL,

*Plaintiff-Appellant*,

v.                                                    No. 16-2901-cv

JOSE MORALES, NEW YORK CITY HOUSING AUTHORITY,

*Defendants-Appellees*,

JOHN DOE, 1 through 10, Individually (the names John and Jane Doe being fictitious, as the true names are presently unknown, JANE DOE, 1 through 10, individually (the names John and Jane Doe being fictitious, as the true names are presently unknown), CITY OF NEW YORK,

*Defendants*.

------------------------------------------------------------------------

APPEARING FOR APPELLANT:        JASON LEVENTHAL, Leventhal Law Group, P.C., Brooklyn, New York.

1

APPEARING FOR APPELLEES:     PATRICK J. LAWLESS, Wilson Elser Moskowitz Edelman & Dicker LLP, New York, New York.

Appeal from a judgment of the United States District Court for the Southern District of New York (John G. Koeltl, *Judge*).

UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED that the July 25, 2016 judgment of the district court is AFFIRMED.

Plaintiff Johnnie O'Neal, whose 1985 state rape and robbery convictions were vacated in 2013 after reinvestigation by the New York City District Attorney, appeals the dismissal of his claim for denial of a fair trial brought under 42 U.S.C. § 1983 against Jose Morales, a New York City Housing Authority Police Department detective who originally investigated those crimes. We review *de novo* a district court's dismissal of a complaint pursuant to Fed. R. Civ. P. 12(b)(6), accepting all factual allegations in the complaint as true and drawing all reasonable inferences in the plaintiff's favor. *See Flagler v. Trainor*, 663 F.3d 543, 546 n.2 (2d Cir. 2011). The complaint must plead "enough facts to state a claim to relief that is plausible on its face," *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007), and we will not accept as true allegations that amount to "legal conclusions," *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). We assume the parties' familiarity with the facts and record of prior proceedings, which we reference only as necessary to explain our decision to affirm.

O'Neal challenges the district court's determination that Morales was entitled to both absolute prosecutorial and testimonial immunity. *See O'Neal v. City of New York*, --- F. Supp. 3d ----, 2016 WL 4035522, at *5–7 (S.D.N.Y. 2016). We need not address

2

testimonial immunity because we conclude that Morales's challenged actions undertaken at the behest of the Assistant District Attorney ("ADA") are shielded by prosecutorial immunity.

"Prosecutorial immunity from § 1983 liability is broadly defined, covering virtually all acts, regardless of motivation, associated with the prosecutor's function as an advocate," including "evaluating and organizing evidence for presentation at trial." *Hill v. City of New York*, 45 F.3d 653, 661 (2d Cir. 1995) (internal quotation marks omitted). By contrast, only qualified immunity attaches "[w]hen a prosecutor performs the investigative functions normally performed by a detective or police officer," such as "searching for the clues and corroboration that might give . . . probable cause." *Buckley v. Fitzsimmons*, 509 U.S. at 273; *accord Simon v. City of New York*, 727 F.3d 167, 172 (2d Cir. 2013). "Drawing th[e] line between 'advocacy' and 'investigative' functions is vexed" insofar as investigative work may be entitled to absolute immunity when it is "integral to the overarching advocacy function." *Warney v. Monroe County*, 587 F.3d 113, 121, 124 (2d Cir. 2009). Further, absolute immunity extends not only to prosecutors "performing discretionary acts of a judicial nature, but also [to] individual employees who assist such [prosecutor] and who act under that [prosecutor's] direction in performing functions closely tied to the judicial process." *Hill v. City of New York*, 45 F.3d at 660.

Two weeks before trial in this case, the prosecutor requested that Morales visit the rape victim's 10th-floor apartment to ascertain specific information relevant to anticipated testimony, specifically, whether—as the victim and her mother would

3

testify—facial features of passers-by on the street could be discerned from their apartment window. While field fact-gathering is consistent with the investigatory function, the timing of the prosecutor's request and the ultimate use of the information so obtained as trial testimony establish that the investigative activity here was in furtherance of the advocacy function of preparing for judicial proceedings. *See Buckley v. Fitzsimmons*, 509 U.S. at 273; *see also DiBlasio v. Novello*, 344 F.3d 292, 300–01 (2d Cir. 2003) (recognizing importance of timing in determining whether function is advocacy). Indeed, O'Neal's allegations admit of no other inference than that the ADA asked Morales to determine what could be discerned from the 10th-floor window for purposes of "evaluating and organizing" direct identification evidence by the victim and her mother. *Hill v. City of New York*, 45 F.3d at 661. No different conclusion is warranted because the prosecutor then called Morales to testify to what he had been able to see from the victim's window. *See Imbler v. Pachtman*, 424 U.S. 409, 431 n.33 (1976) (noting prosecutor's preparation for trial "may require the *obtaining*, reviewing, and evaluating of evidence" (emphasis added)). In sum, because Morales was carrying out activity "intimately associated with the judicial phase of the criminal process," *id.* at 430, at the specific direction of the prosecutor, *see Simon v. City of New York*, 727 F.3d at 171–72; *Hill v. City of New York*, 45 F.3d at 660, the principle enunciated in *Hill* applies here.

O'Neal's attempt to distinguish *Hill* on the grounds that Morales and the ADA "were not working together," but performing "separate, distinct, and independent functions," Appellant's Br. 18, lacks support in the pleadings. Although Morales was

4

not an employee of the ADA, he investigated what could be seen from the victim's apartment *only* because the ADA requested that he do so shortly before trial, and *only* to obtain a specific piece of information relevant to anticipated trial testimony. These allegations do not admit a plausible inference that, in going to the victim's apartment and reporting back to the prosecutor on what was visible therefrom, Morales was carrying out an independent, "specific, non-discretionary, investigatory function . . . separate and distinct from the prosecutor's function as an advocate." *Id.* at 21. Rather, the pleadings demonstrate that Morales was acting in concert with the ADA in preparing for trial.

We have considered O'Neal's remaining arguments and conclude that they are without merit. Accordingly, the July 25, 2016 judgment of the district court is AFFIRMED.

FOR THE COURT:
CATHERINE O'HAGAN WOLFE, Clerk of Court

5