Jones v. State of Connecticut Superior Court

# UNITED STATES COURT OF APPEALS
# FOR THE SECOND CIRCUIT

## SUMMARY ORDER

**RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT.   CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1.   WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER").   A PARTY CITING TO A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.**

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 18th day of May, two thousand eighteen.

PRESENT:  ROBERT D. SACK,
        REENA RAGGI,
            *Circuit Judges*,
        LEWIS A. KAPLAN,
            *District Judge.*\*

_____

MATTHEW JONES,

  *Plaintiff-Appellant*,

  v.                                      No. 17-1932

STATE OF CONNECTICUT SUPERIOR COURT, LAURA LODGE, MENTAL HEALTH, NEW HAVEN SUPERIOR COURT, YALE UNIVERSITY, LAURA DELEO, STATE ATTORNEY, GUILFORD POLICE DEPARTMENT,

  *Defendants-Appellees*.

_____

\* Judge Lewis A. Kaplan, of the United States District Court for the Southern District of New York, sitting by designation.

FOR PLAINTIFF-APPELLANT: Matthew Jones, *pro se*, Greenwood, Delaware.

FOR DEFENDANTS-APPELLEES: David C. Yale, Hassett & George, P.C., Simsbury, Connecticut, *for* Guilford Police Department.

Patrick M. Noonan, Donahue, Durham, & Noonan, P.C., Guilford, Connecticut, *for* Yale University.

Appeal from a judgment of the United States District Court for the District of Connecticut (Michael P. Shea, *Judge*).

**UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED** that the judgment entered on May 25, 2017, is **AFFIRMED**.

Plaintiff Matthew Jones, proceeding *pro se*, appeals from the *sua sponte* dismissal of his consolidated complaint against defendants the State of Connecticut Superior Court, mental health care provider Laura Lodge, Yale University, state prosecutor Laura DeLeo, and the Guilford Police Department, alleging violations of various constitutional rights, *see* 42 U.S.C. § 1983, and federal criminal statutes, as well as state negligence and privacy laws, arising from his arrest and prosecution for stalking, as well as his schizophrenia diagnosis and receipt of involuntary treatment. We review *de novo* a *sua sponte* dismissal under 28 U.S.C. § 1915(e)(2), *see Zaleski v. Burns*, 606 F.3d 51, 52 (2d Cir. 2010), accepting all factual allegations as true and drawing all reasonable inferences in Jones's favor, *see Biro v. Condé Nast*, 807 F.3d 541, 544 (2d Cir. 2015). In applying these principles here, we assume the parties' familiarity with the facts and record of prior

2

proceedings, which we reference only as necessary to explain our decision to affirm largely for the reasons stated by the district court.

*First*, the district court correctly determined that both the state court and prosecutor were entitled to immunity. *See Pennhurst State Sch. & Hosp. v. Halderman*, 465 U.S. 89, 100–01 (1984) (holding that states are immune from suit in federal court, absent consent); *accord Nat'l R.R. Passenger Corp. v. McDonald*, 779 F.3d 97, 100 (2d Cir. 2015); *see also Simon v. City of New York*, 727 F.3d 167, 171–72 (2d Cir. 2013) (affording prosecutors absolute immunity for initiation and pursuit of criminal prosecution).

*Second*, Jones identifies no statutory basis for a private right of action under the alleged criminal statutes. *See Cort v. Ash*, 422 U.S. 66, 79–80 (1975) (holding no private action under criminal statutes absent clear statutory basis for such inference); *accord Alaji Salahuddin v. Alaji*, 232 F.3d 305, 308 (2d Cir. 2000); *see also Linda R.S. v. Richard D.*, 410 U.S. 614, 619 (1973) ("[A] private citizen lacks a judicially cognizable interest in the prosecution or nonprosecution of another.").

*Third*, Jones has abandoned any challenge to the remainder of the district court's ruling by not raising those issues in his appellate brief. *See Higazy v. Templeton*, 505 F.3d 161, 168 n.7 (2d Cir. 2007) ("An argument or an issue that is not raised in the appellate brief may be considered abandoned."). In any event, even when read with the "special solicitude" due *pro se* pleadings, *Triestman v. Fed. Bureau of Prisons*, 470 F.3d 471, 475 (2d Cir. 2006) (internal quotation marks omitted), Jones's allegations do not support a

3

plausible claim for relief, *see Denton v. Hernandez*, 504 U.S. 25, 33 (1992) (approving dismissal of complaint based on "irrational or . . . wholly incredible" allegations).

We have considered Jones's remaining arguments, including his November 2017 motion to strike the state defendants' letter informing this Court that they do not intend to file an appearance in this appeal because they were not served, and did not appear, in the district court, and conclude that they are without merit. Accordingly, we **DENY** Jones's motion to strike the state defendants' letter, and we **AFFIRM** the judgment of the district court.

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk of Court

4