17-2180-cv
Nunez v. City of New York

# UNITED STATES COURT OF APPEALS
# FOR THE SECOND CIRCUIT

## SUMMARY ORDER

**RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.**

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 5th day of June, two thousand eighteen.

PRESENT:  ROBERT D. SACK,
           REENA RAGGI,
                *Circuit Judges*,
           PAUL G. GARDEPHE,
                *District Judge.*[*]

-------------------------------------------------------------------------

FRANCISCO NUNEZ,
                *Plaintiff-Appellant*,

         v.                                No. 17-2180-cv

CITY OF NEW YORK, A MUNICIPAL ENTITY, DETECTIVE DAMIAN DIEDRICK, SHIELD #923769 IN THEIR INDIVIDUAL AND OFFICIAL CAPACITY, DETECTIVE CLIFF ACOSTA, SHIELD #982718 IN THEIR INDIVIDUAL AND OFFICIAL CAPACITY, DETECTIVE RENE NARVAEZ, SHIELD #900942 IN THEIR INDIVIDUAL AND OFFICIAL CAPACITY, DETECTIVE STEVE ALEJANDRO, SHIELD #912873 IN THEIR INDIVIDUAL AND OFFICIAL CAPACITY, LIEUTENANT JOHN ROGAN, SHIELD #902945 IN THEIR INDIVIDUAL AND OFFICIAL CAPACITY,

---

[*] Judge Paul G. Gardephe, of the United States District Court for the Southern District of New York, sitting by designation.

ASSISTANT DISTRICT ATTORNEY CLEOPATRA TAKANTZAS, IN HER INDIVIDUAL AND OFFICIAL CAPACITY, DISTRICT ATTORNEY ROBERT JOHNSON, BRONX COUNTY IN HIS OFFICIAL CAPACITY,

*Defendants-Appellees*,

JOHN AND/OR JANE DOES NOS. 1, 2, 3, ETC., (WHOSE IDENTITIES ARE UNKNOWN BUT WHO ARE KNOWN TO BE POLICE OFFICERS OF THE NEW YORK CITY POLICE DEPARTMENT), ALL OF WHOM ARE SUED INDIVIDUALLY AND IN THEIR OFFICIAL CAPACITIES, RICHARD AND/OR RACHEL ROES NOS. 1, 2, 3, ETC., (WHOSE IDENTITIES ARE UNKNOWN BUT WHO ARE KNOWN TO BE SUPERVISORY PERSONNEL OF THE NEW YORK CITY POLICE DEPARTMENT), ALL OF WHOM ARE SUED INDIVIDUALLY AND IN THEIR OFFICIAL CAPACITIES,

*Defendants*.

------------------------------------------------------------------------

APPEARING FOR APPELLANT:      CHUKWUEMEKA NWOKORO, Nwokoro & Associates, P.C., New York, New York.

APPEARING FOR APPELLEES:      ERIC LEE (Richard Dearing, Jane L. Gordon, Benjamin Welikson, *on the brief*), *for* Zachary W. Carter, Corporation Counsel of the City of New York, New York, New York.

Appeal from a judgment of the United States District Court for the Southern District of New York (Richard J. Sullivan, *Judge*).

UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED that the judgment entered on June 21, 2017, is AFFIRMED.

Plaintiff Francisco Nunez brought this action under 42 U.S.C. § 1983 and New York State law, to recover damages from the City of New York ("City"), various City police officers, Bronx District Attorney ("DA") Robert Johnson, and Assistant District

2

Attorney ("ADA") Cleopatra Takantzas for false arrest and malicious prosecution, and from one officer in particular, Detective Damian Diedrick, for these violations as well as for the excessive use of force. The district court dismissed the complaint against all defendants except Diedrick. *See Nunez v. City of New York*, No. 14-cv-4182 (RJS), 2016 WL 1322448 (S.D.N.Y. Mar. 31, 2016). Following discovery, it awarded Diedrick partial summary judgment on Nunez's false arrest and malicious prosecution claims, *see Nunez v. Diedrick*, No. 14-cv-4182 (RJS), 2017 WL 2257350 (S.D.N.Y. May 19, 2017), after which a jury returned a verdict in Diedrick's favor on the excessive force claim. Nunez now appeals the dismissal of his claims against the City, Detective Cliff Acosta, DA Johnson, and ADA Takantzas, as well as the award of partial summary judgment to Diedrick.

We review both the dismissal of a complaint and an award of summary judgment *de novo*. In reviewing dismissal, we accept all factual allegations in the complaint as true and draw all reasonable inferences in plaintiff's favor. *See Trustees of Upstate N.Y. Eng'rs Pension Fund v. Ivy Asset Mgmt.*, 843 F.3d 561, 566 (2d Cir. 2016). In reviewing summary judgment, we resolve all ambiguities and draw all reasonable inferences in favor of the non-movant, and we will affirm only if the record reveals no genuine dispute of material fact. *See* Fed. R. Civ. P. 56(a); *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 247 (1986); *Cross Commerce Media, Inc. v. Collective, Inc.*, 841 F.3d 155, 162 (2d Cir. 2016). Applying these standards here, we discuss only Nunez's federal claims because he concedes that if these fail, so do his parallel state claims. We

assume the parties' familiarity with the facts and procedural history of this case, which we reference only as necessary to explain our decision to affirm substantially for the reasons stated by the district court in its two thorough opinions.

1.  Claims Against Acosta

The district court dismissed Nunez's false arrest and malicious prosecution claims against Detective Acosta for failure to plead the requisite personal involvement in such violations. *See Farid v. Ellen,* 593 F.3d 233, 249 (2d Cir. 2010) (recognizing "personal involvement of defendants in alleged constitutional deprivations" as "prerequisite to an award of damages under § 1983" (internal quotation marks omitted)). Nunez argues that Acosta's alleged role in the photo identification leading to Nunez's arrest is sufficient to demonstrate personal involvement. The argument fails because Nunez does not plead that this identification procedure was itself suggestive. Thus, even if other defendants arrested or prosecuted Nunez despite having reason to question the identification's reliability, Nunez fails to plead facts showing Acosta's personal involvement in those "alleged constitutional deprivations." *Id.*; *see Provost v. City of Newburgh*, 262 F.3d 146, 155 (2d Cir. 2001) (stating that law requires "personal participation by one who has knowledge of the facts that rendered the conduct illegal"; "innocent participation" in arrest cannot make party liable for its illegality).[1]

_____

[1] *Alvarez v. County of Orange*, 95 F. Supp. 3d 385 (S.D.N.Y. 2015), cited by Nunez, does not control this court and is, in any event, distinguishable insofar as the defendant there was alleged not only to have "directly participated in the investigation," but also to have "directed the investigation" as a whole and to have "instructed [another officer] to

4

Accordingly, the district court correctly dismissed Nunez's claims against Acosta.

2.    Claims Against Takantzas

Nunez does not challenge the district court's determination that absolute immunity compelled dismissal of his claims against ADA Takantzas for alleged misconduct before the grand jury and in Nunez's subsequent prosecution.  *See Simon v. City of New York*, 727 F.3d 167, 171 (2d Cir. 2013) (affording prosecutors absolute immunity when performing as "advocate in connection with a judicial proceeding" for "all acts intimately associated with the judicial phase of the criminal process" (internal quotation marks omitted)). Rather, he argues that such immunity did not shield Takantzas's investigative actions.  *See id.* at 172.   The challenge fails because the only conceivably investigative action by Takantzas—a point we do not here decide—was her interview inquiry of another suspect, Ramon Ferreira, as to his association with Nunez, to which Ferreira replied that he knew Nunez but did not associate with him.   That questioning did not itself cause Nunez any constitutional injury.   To the extent Nunez faults Takantzas for not revealing Ferreira's response to the grand jury, the state court, or Nunez's attorney, that alleged misconduct pertains to Takantzas's role as an advocate in judicial proceedings for which she has absolute immunity.

Accordingly, the claims against Takantzas were correctly dismissed.

---

arrest" the plaintiff.  *Id.* at 399 n.1.   Nunez's complaint makes no comparable allegations as to Acosta.

3.    Claims Against the City and DA Johnson for Failing To Train and Supervise

Nunez appeals the dismissal of his § 1983 claim against the City and DA Johnson, arguing that the failure of the Bronx District Attorney's Office to train and supervise prosecutors to avoid the misconduct alleged here showed a deliberate indifference to persons' rights amounting to a municipal policy or custom. *See Monell v. Dep't of Soc. Servs.*, 436 U.S. 658, 694 (1978) (requiring showing of official policy or custom resulting in constitutional violation to maintain § 1983 claim against municipality); *Wray v. City of New York*, 490 F.3d 189, 195 (2d Cir. 2017) (holding that "failure to train or supervise city employees may constitute an official policy or custom if the failure amounts to deliberate indifference to the rights of those with whom the city employees interact" (internal quotation marks omitted)).    The claim fails for several reasons.

First, because prosecutors are not constitutionally required to disclose exculpatory material to the grand jury, *see United States v. Williams*, 504 U.S. 36, 51–52 (1992); *United States v. Regan*, 103 F.3d 1072, 1081 (2d Cir. 1997), Nunez cannot complain of a failure of training or supervision in that regard.

Second, insofar as Nunez complains of a failure to train prosecutors in their obligations to disclose facts impeaching an eyewitness identification, he fails to demonstrate a constitutional obligation to do so before trial. *See United States v. Coppa*, 267 F.3d 132, 146 (2d Cir. 2001) (holding that "as a general rule, *Brady* and its progeny do not require immediate disclosure of all exculpatory and impeachment material upon request by a defendant"; Constitution requires only that government

6

disclose impeachment evidence "in time for its effective use at trial"); *cf. United States v. Ruiz*, 536 U.S. 622, 633 (2002) (holding that "Constitution does not require the Government to disclose material impeachment evidence prior to entering a plea agreement with a criminal defendant" because "impeachment information is special in relation to the *fairness of a trial*" (emphasis in original)).

In any event, as the district court observed, the cited 48 instances of prosecutorial misconduct over 23 years involve sufficiently different conduct from that alleged here—non-disclosure of impeachment materials and the alleged maintenance of a prosecution in the absence of reliable evidence—that they cannot plausibly plead misconduct "sufficiently persistent or widespread" as to indicate a pattern "acquir[ing] the force of law." *Reynolds v. Giuliani*, 506 F.3d 183, 192 (2d Cir. 2007); *see Amnesty Am. v. Town of West Hartford*, 361 F.3d 113, 128 (2d Cir. 2004) (holding that policymaking official must have had notice of "potentially serious problem of unconstitutional conduct, such that the need for corrective action or supervision was 'obvious'").[2]

Thus, Nunez's municipal claims were properly dismissed as against both the City and its alleged policy maker, DA Johnson.[3]

---

[2] *Poventud v. City of New York*, No. 07 Civ. 3998 (DAB), 2015 WL 1062186, at *13–15 (S.D.N.Y. Mar. 9, 2015), and *Bailey v. City of New York*, 79 F. Supp. 3d 424, 438–39 (E.D.N.Y. 2015), cited by Nunez, reach no different conclusion because the cases plaintiffs there relied on to support the alleged pattern involved the same constitutional violation being ascribed to defendants.

[3] Insofar as Johnson is sued in his official capacity for his own prosecutorial actions in

4.      Claims Against Diedrick

Nunez challenges the grant of summary judgment to Diedrick based on the district court's determination that the false arrest and malicious prosecution claims were defeated as a matter of law by record evidence of probable cause. *See Manganiello v. City of New York*, 612 F.3d 149, 160–61 (2d Cir. 2010). Nunez argues that to the extent probable cause was based on identifications by the eyewitness Brian Perez, the district court failed to consider circumstances calling into question Perez's reliability. *See Fabrikant v. French*, 691 F.3d 193, 216 (2d Cir. 2012) (observing that law enforcement officer generally has probable cause to arrest based on information received from putative victim or eyewitness unless "circumstances raise doubt as to the person's veracity" (internal quotation marks omitted)).

In fact, the record shows that the district court carefully considered the circumstances cited by Nunez. It explained that they could not bear much weight on summary judgment because Nunez failed to adduce evidence supporting some of the impeaching allegations pleaded in his complaint or evidence showing Diedrick's knowledge of the impeaching circumstances. *See Savino v. City of New York*, 331 F.3d 63, 74 (2d Cir. 2003) (stating that collective knowledge doctrine cannot be used to impute to officer facts known to other officers that exonerate an arrestee). In the absence of such evidence, the district court concluded that Diedrick had probable cause, or at least

_____

this case, Nunez does not dispute his entitlement to immunity under the Eleventh Amendment. *See Ying Jing Gan v. City of New York*, 996 F.2d 522, 536 (2d Cir. 1993) (holding that where district attorney acts as prosecutor, he is "deemed to be an official of New York State . . . entitled to invoke Eleventh Amendment immunity").

arguable probable cause, to arrest Nunez supporting qualified immunity. *Cf. Betts v. Shearman*, 751 F.3d 78, 83 (2d Cir. 2014) (holding that eyewitness's history of false accusations did not undermine arguable probable cause where plaintiff did not allege officers' knowledge of past accusations at time of arrest). On *de novo* review, we reach the same conclusion as the district court. Moreover, where, as here, at least arguable probable cause to arrest existed and the plaintiff has failed to demonstrate that Diedrick learned of any intervening facts between the arrest and initiation of prosecution, a claim of malicious prosecution cannot survive. *See Lowth v. Town of Cheektowaga*, 82 F.3d 563, 571 (2d Cir. 1996) ("In order for probable cause to dissipate [between arrest and prosecution], the groundless nature of the charges must be made apparent by the discovery of some intervening fact.").

Accordingly, the district court correctly awarded Diedrick partial summary judgment.

3.    Conclusion

We have considered Nunez's other arguments and conclude that they are without merit. Accordingly, we AFFIRM the judgment of the district court.

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk of Court

9